68281. WILLIAMS v. THE STATE.

CARLEY, Judge.

Appellant was indicted for rape and aggravated sodomy. He was convicted of rape and appeals from the judgment of conviction entered on the guilty verdict.

1. Appellant enumerates as error the general grounds. The evidence adduced at trial was as follows: The victim testified that she attended a New Year's Eve party in her apartment complex. As she left, she noticed that two men, later identified as appellant and his co-defendant, were also leaving the party and that they were walking closely behind her. As she walked from the party toward her apartment, a distance of approximately two apartment buildings, the two men attempted to talk to her. Not wanting the men to follow her to her apartment where no one would be at home, the victim stopped at the laundry room to purchase a soft drink from a vending machine. At this point, appellant and his co-defendant tackled her and dragged her across the hall and into a utility room. They threw the victim on the floor and threatened to kill her if she screamed. Both men raped her and left. The victim called the police from her apartment. Blood was found on the floor of the utility room. The victim identified appellant from a group of photographs shown to her by the police. Appellant admitted having sexual intercourse with the victim, but maintained that she had consented. Our review of the record satisfies us that any rational trior of fact could reasonably have found from the evidence presented at trial proof of the guilt of appellant beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Davis v. State*, 168 Ga. App. 272 (308 SE2d 602) (1983); *Mauldin v. State*, 167 Ga. App. 789 (307 SE2d 689) (1983).

2. Appellant enumerates as error the admission of evidence concerning his prior arrests as a juvenile. During opening statement, appellant's counsel stated that appellant "has never been in trouble before, he's a good kid. . . ." Subsequently, on cross-examination, ap-

pellant testified that he had never before been in any kind of trouble. Evidence of appellant's two prior arrests as a juvenile were then admitted into evidence for purposes of impeachment. Appellant asserts that this was error, as juvenile arrest records are not admissible to show general bad character under OCGA § 24-9-84.

Contrary to appellant's assertions, evidence of appellant's prior arrests was not admitted to show general bad character, but to impeach appellant's testimony that he had never been in trouble before. A defendant who may not be subject to impeachment by proof of general bad character or prior convictions as provided in OCGA § 24-9-84 until he puts his character in evidence, is still subject to impeachment as any other witness under the provisions of OCGA § 24-9-82. See *Leverette v. State,* 107 Ga. App. 712, 714 (131 SE2d 782) (1963); *Favors v. State,* 145 Ga. App. 864 (1) (244 SE2d 902) (1978). "A witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82. Evidence that appellant previously had been twice arrested tends to impeach appellant's statement that he had never before been in any kind of trouble. The trial court did not err in admitting the evidence. *McDaniel v. State,* 248 Ga. 494, 495 (3) (283 SE2d 862) (1981). See *Laney v. State,* 159 Ga. App. 609, 612 (9) (284 SE2d 114) (1981); *Barrett v. State,* 140 Ga. App. 309 (231 SE2d 116) (1976). Compare *Smith v. State,* 154 Ga. App. 190 (267 SE2d 826) (1980). In light of our finding that the evidence of appellant's prior arrests was admissible for impeachment purposes, we need not decide whether the evidence was also admissible as "character evidence" under the majority holding in *Phillips v. State,* 171 Ga. App. 827 (321 SE2d 393) (1984).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 5, 1984.

*Susan E. Teaster,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.