## A92A2102. NORWOOD v. THE STATE.
### (415 SE2d 521)

Carley, Presiding Judge.

Appellant was tried before a jury and found guilty of burglary. He was granted an out-of-time appeal and, in *Norwood v. State*, 199 Ga. App. 536 (405 SE2d 526) (1991), we remanded for an evidentiary hearing on the issue of the effectiveness of his trial counsel. Thereafter, the hearing was held and the trial court found no violation of

appellant's Sixth Amendment rights. It is from the order refusing to grant appellant a new trial on the ground of ineffective assistance of trial counsel that the instant appeal is brought.

According to appellant's trial counsel, appellant had insisted on testifying in his own defense. Thus, there certainly is no cause for complaint that an objection was not raised when appellant was subjected to a thorough and sifting cross-examination by the State. Likewise, appellant's trial counsel was clearly not ineffective because he failed to object to the State's attempt to impeach appellant by showing that his testimony was not truthful. The defendant in a criminal case who elects to take the stand in his own defense is subject to cross-examination and impeachment pursuant to OCGA § 24-9-82. *Williams v. State*, 171 Ga. App: 927, 928 (2) (321 SE2d 423) (1984). See also *Jones v. State*, 257 Ga. 753, 759 (1a, 1b) (363 SE2d 529) (1988).

Error, if any, in the trial court's charge on the principles of impeachment was harmless. *Scarboro v. State*, 24 Ga. App. 27, 28 (2) (99 SE 637) (1919). Accordingly, the failure of appellant's trial counsel to object to this charge clearly does not demonstrate his ineffectiveness.

In his direct examination, appellant testified that he had given the police a post-arrest exculpatory statement. Thus, the State was authorized to cross-examine appellant concerning his statement and, in doing so, there was no violation of his constitutional right to remain silent. *Overcash v. State*, 239 Ga. 499 (1) (238 SE2d 50) (1977); *Wilson v. State*, 145 Ga. App. 315, 323 (5) (244 SE2d 355) (1978). It follows that the failure to object to the State's cross-examination of appellant on this issue does not demonstrate that his trial counsel was ineffective.

Appellant's remaining contentions regarding the purported ineffectiveness of his trial counsel have been considered and found to be without merit. "Simply because other lawyers might have exercised different judgments and conducted [appellant's] defense in a different manner does not require a finding that defense counsel's representation of [appellant] was so inadequate as to amount to a denial of effective assistance of counsel. [Cit.]" *Austin v. Carter*, 248 Ga. 775, 779 (2c) (285 SE2d 542) (1982). It follows that the trial court correctly denied appellant's motion for new trial on the ground of ineffective assistance of counsel.

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 11, 1992.

*Shandor Badaruddin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Nancy A. Grace, Assistant District Attorneys*, for appellee.