## A96A2034. THOMAS v. THE STATE.
(482 SE2d 472)

BLACKBURN, Judge.

Jonathan Lamont Thomas appeals his conviction for the armed robbery of Thomas Schrey and the aggravated assault of Vincent Pair, asserting that the trial court erred in admitting various evidence and in instructing the jury.

Viewing the evidence in the light most favorable to the verdict, Thomas approached Pair and Schrey, high school students, who were sitting in a parked car. He first pointed a gun at Pair, the driver, and demanded the car and Pair's jewelry. When Pair refused, Thomas then pointed his gun at Schrey, demanding his jewelry. Schrey complied, and Thomas left the scene on foot. The victims immediately alerted the police, and shortly thereafter Thomas was arrested in the vicinity where the crime occurred. Thomas, his clothing, his gun, and the stolen items found in Thomas' possession at the time of his arrest were positively identified by the victims. Thomas admitted having an encounter with the victims, but denied robbing or assaulting them. He testified that the victims and two other companions, Marcus Grimes and Trayton Head, were in the car at the time of the encounter. He further testified that he approached the car because he believed Head had stolen a pouch belonging to him that contained tapes, a Walkman, and a gun.

1. Thomas asserts that the trial court erroneously granted a motion in limine at the outset of trial precluding him from mentioning whether any of the State's witnesses had a juvenile history of delinquent activity. Thomas argues that this ruling improperly precluded him from impeaching Schrey's testimony that he was not a drug dealer. In support of his position, Thomas cites *Williams v. State*, 171 Ga. App. 927, 928 (321 SE2d 423) (1984), in which reference to the juvenile history of a witness was permitted, not to prove general bad character or prior convictions as provided by OCGA § 24-9-84, but to impeach the testimony of the witness that he had never been in trouble before. *Williams* notwithstanding, this enumeration is without merit.

First, because Thomas did not make this argument at trial, he is precluded from raising it on appeal. *Woods v. State*, 210 Ga. App. 172, 173 (1) (435 SE2d 464) (1993) (appellant's argument that the trial court erred in limiting his cross-examination of a key witness was rejected on appeal because appellant objected on different grounds below and never raised his appellate argument in the trial court for that court to rule on); see also *Strickland v. State*, 257 Ga. 230, 232-233 (4) (357 SE2d 85) (1987).

Second, pretermitting the applicability of *Williams* to this case, Thomas never made a proffer to the trial court of what evidence he

would have submitted regarding Schrey's juvenile history. In fact, Thomas points to no part of the record indicating that Schrey even had a juvenile record. Numerous witnesses testified at trial, and the State's motion in limine sought to bar Thomas from referring to the juvenile history of *any* witnesses, without identifying any particular one. "Where the error alleged is that certain evidence has been wrongfully excluded, the rule is well settled that there must have been a proffer or offer of a definite sort [so] that both [the trial court and the appellate court] can know whether . . . the evidence really exists." (Citations and punctuation omitted.) *Dent v. State,* 220 Ga. App. 147, 149 (3) (469 SE2d 311) (1996). In the absence of such a proffer, "the assignment of error is so incomplete as to preclude its consideration by this court." (Citations and punctuation omitted.) Id.

2. Thomas asserts that the trial court improperly considered evidence of a former conviction in the sentencing phase because the State had not timely served the defendant with notice of its intent to use that conviction as evidence of aggravation under OCGA § 17-10-2 (a). Thomas was given notice of the State's intent after voir dire but before jury selection.

Thomas failed to object to the introduction of the conviction during the pre-sentencing phase, thereby waiving the issue on appeal. *Armstrong v. State,* 264 Ga. 237, 239 (3) (442 SE2d 759) (1994). Moreover, Thomas' argument was rejected in a similar case, *Payne v. State,* 219 Ga. App. 318 (464 SE2d 884) (1995), where the defendant was given notice while the jury was being selected. "OCGA § 17-10-2 (a) provides that notice must be given before trial. In the present case, jeopardy had not attached because the jury had not been sworn. Therefore, [the defendant] was notified before trial as the statute requires." (Citation omitted.) Id. at 319 (4). Accordingly, Thomas received timely notice pursuant to OCGA § 17-10-2 (a), and this enumeration is without merit.

3. Thomas asserts that the trial court erred in admitting, over his objection, two pawn shop receipts signed by Thomas when he purchased a gun. The State argued that Thomas used the gun in question during the robbery and assault. On appeal, Thomas asserts that these documents should have been provided pursuant to OCGA § 17-16-4. This assertion is without merit because the trial in this matter took place in November 1993, before OCGA § 17-16-4 was enacted. Ga. L. 1994, p. 1895, § 4.

4. Thomas contends that the trial court erred in permitting his character to be placed into evidence. Specifically, Thomas complains of (1) testimony from the victims that Thomas smelled of alcohol at the time of their encounter; (2) testimony from the investigating officer that the victims described Thomas as appearing intoxicated and smelling of alcohol at the time of their encounter; and (3)

Thomas' own testimony that he was carrying a concealed weapon and that he lacked a license for that weapon. The record reveals that Thomas failed to object to any of this evidence on the grounds that it impermissibly placed his character into evidence.[1] Accordingly, this issue has not been preserved for appellate review. *Earnest v. State*, 262 Ga. 494, 495 (1) (422 SE2d 188) (1992).

5. Thomas contends that the trial court erred in admitting a picture of him taken shortly after his arrest. At trial, the photograph was admitted over Thomas' objection that it was unduly prejudicial. Thomas made no argument that the picture had not been accurately authenticated, the argument he now asserts on appeal. Because "we do not consider grounds for objection not raised in the trial court," this enumeration is without merit. *Edwards v. State*, 219 Ga. App. 239, 246-247 (8) (464 SE2d 851) (1995).

6. Thomas contends that the trial court erred in permitting the State to cross-examine him as to privileged communications with his attorney. During his opening statement, Thomas' attorney had stated that Thomas believed his pouch had been taken by Grimes, one of the victims' two companions, and that Thomas approached the car in order to speak with Grimes. As outlined above, Thomas later testified that he believed Head, the victims' other companion, had stolen his pouch, and Thomas approached the victims' vehicle in order to speak with Head. The State then questioned Thomas whether his defense attorney had been mistaken in his opening statement when he identified Grimes rather than Head as the party Thomas believed had stolen his belongings. Thomas' attorney made a relevancy objection, arguing that his opening was not evidence and was not subject to impeachment and that the State's question sought to "cast a cloud over me." The trial court overruled the objection, and Thomas testified that his attorney had mistaken Grimes for Head. In response to other questions by the State, Thomas then explained how such a mistake could have occurred, specifically outlining what he had told his attorney. No objection was raised to this testimony.

Thomas now argues that the trial court impermissibly permitted the State to delve into communications protected by the attorney-client privilege. Assuming without deciding that the objection raised below sufficiently addressed the testimony in question, the objection was still insufficient to preserve this issue for appellate review, because Thomas did not assert privilege as a ground for his objection below. Accordingly, we cannot consider this argument for the first

---

[1] Thomas did object when the State questioned Schrey as to whether Thomas was intoxicated, on the grounds that Schrey was unable to make such a determination. The trial court sustained the objection until a proper foundation could be laid. Thomas made no objection during Schrey's subsequent testimony that he could smell alcohol on Thomas' breath.

time on appeal. See *Edwards*, supra. Moreover, even if the alleged error was preserved for appeal, it would be harmless. *McIntyre v. State*, 266 Ga. 7, 10 (4) (463 SE2d 476) (1995) (harm as well as error required for reversal). Thomas was not harmed, but benefited from being able to answer the State's question, because it allowed him to explain why his testimony contradicted earlier assertions made by his own attorney.

7. In his final enumerations, Thomas contends that the trial court erred when it failed to give a charge on good character and on circumstantial evidence. Not only did Thomas fail to request these charges, but upon the trial court's inquiry, Thomas stated that he had no objection to the charge as given to the jury. "In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), of reserving the right to object on motion for new trial or on appeal. . . . [Cits.] Here, upon inquiry by the trial court, [Thomas'] counsel neither objected to the court's failure to give the charge now complained of, nor reserved the right to later object to the charge. As [Thomas] waived the right to object to the charge, we are without authority to address this enumerated error." (Punctuation omitted.) *Dukes v. State*, 205 Ga. App. 678, 679 (2) (423 SE2d 295) (1992).

Additionally, it is not error for the trial court to fail to charge on circumstantial evidence where, as here, the State's case does not depend entirely on circumstantial evidence. See generally *Davis v. State*, 266 Ga. 801, 804 (471 SE2d 191) (1996).

*Judgment affirmed. Birdsong, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 25, 1997.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney*, for appellee.