## A02A1954. BATES v. THE STATE.
(576 SE2d 619)

MILLER, Judge.

Following a jury trial, Michael Bates was convicted on two counts of armed robbery and one count of aggravated assault. On appeal he contends that (1) the evidence was insufficient to sustain his convictions, (2) the trial court erred in admitting photographic lineup evidence, and (3) his trial counsel was ineffective. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that Bates and three companions drove to a gas station/convenience store. Bates got out of the car and confronted a woman who exited the convenience store. Bates demanded the woman's money and car keys while pointing a gun at her. The woman gave Bates the lottery tickets that she had just purchased from the store and the money that she had in her hand.

Bates then approached another woman who was sitting in a car at the gas station, opened the door of the car, demanded money from the woman, and then shot her two times. After obtaining $2 from this second victim, Bates returned to his first victim, pointed the gun at her head, and demanded that she pick up the lottery tickets and money that he had dropped.

The husband of the woman who was shot exited the convenience store and returned to his car. Upon seeing his wife, the man confronted Bates, and Bates threatened to shoot him. Bates then demanded money from the man while pointing a gun at him. After the man told Bates that he did not have any money, Bates ran back to his first victim. The second victim's husband then ran into the convenience store to call the police.

Bates then got into the car in which he had arrived and left the gas station with his companions. The next day, Bates's companions went to the police and gave statements implicating Bates as the man responsible for the crimes at the gas station the previous day. Two of the victims had given statements to the police describing Bates on the day of the crime.

One of the victims was able to later identify Bates as the robber in a photographic lineup and identified Bates as the robber at trial. One of the other victims identified a different man as the robber in

the photographic lineup, but was later able to identify Bates at trial as the robber. The jury found Bates guilty on all counts against him, and he now appeals.

1. Bates claims that the evidence at trial was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. Id.; see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here, one of the victims identified Bates in a photographic lineup, and he along with one of the other victims identified Bates at trial as the robber who threatened them while brandishing a gun. Bates's companions also identified Bates to the police as the robber. Ample evidence supported the convictions. See OCGA §§ 16-5-21 (a) (1), (2); 16-8-41 (a).

2. Without citing any specific reasons, Bates contends that the pretrial identification of him in the photographic lineup was impermissibly suggestive, and as a result tainted his subsequent in-court identifications at trial. We disagree.

> It is error to allow testimony concerning a pre-trial identification of a defendant if the identification procedure was impermissibly suggestive and, under the totality of the circumstances, the suggestiveness gave rise to a substantial likelihood of misidentification. The taint which renders an identification procedure impermissibly suggestive must come from the method used in the identification procedure. An identification procedure is impermissibly suggestive when it leads the witness to an "all but inevitable identification" of the defendant as the perpetrator or . . . is the equivalent of the authorities telling the witness, "This is our suspect."

(Citations omitted.) *Clark v. State*, 271 Ga. 6, 12 (7) (b) (515 SE2d 155) (1999).

Here, the proper procedure was followed by the officer in that the photographic lineup was shown to each of the victims separately, and the officer who showed the lineup to the victims did not tell any of them whether they had picked the suspect out of the lineup. The officer made no suggestion one way or another, even when two of the victims were unable to identify Bates as the suspect from the lineup.

The record does not reveal that any of the victims were led to the all but inevitable identification of Bates as the perpetrator of the crimes at issue, and Bates's argument to the contrary is without merit. Cf. *Hodnett v. State*, 269 Ga. 115, 118 (4) (498 SE2d 737) (1998).

3. Bates also argues that his trial counsel was ineffective for (a) only meeting with Bates four or five times in preparation for trial, (b) rejecting Bates's request to testify on his own behalf, (c) pressuring Bates to enter a plea, (d) failing to, after asserting a proper objection, ask the court to instruct the jury to disregard testimony that the court had stricken, (e) failing to reserve objections to the jury charge, and (f) moving for a directed verdict after the trial court's charge rather than after the close of evidence. We disagree with Bates and hold that the trial court did not err in concluding that Bates failed to carry his burden of proving ineffective assistance.

To prove ineffective assistance, Bates is required to show that his counsel's performance was deficient and that this deficient performance prejudiced the defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Bates's trial counsel provided effective assistance, as none of the aforementioned actions of counsel amounted to deficient performance, nor did they result in any prejudice to Bates's defense.

(a) Contrary to Bates's assertions, Bates's trial counsel testified that he met with Bates at least six times prior to trial, took pages of notes from the meetings, conducted discovery, thoroughly discussed the case with Bates, and investigated the case through witness interviews. The credibility of Bates's testimony versus that of his trial counsel was a matter to be resolved by the trial court, and as evidence supported a finding that counsel's performance was not deficient, we hold that the trial court did not err in concluding that Bates failed to meet his burden of showing ineffective assistance. See *Randolph v. State*, 225 Ga. App. 324-325 (484 SE2d 1) (1997).

(b) Bates's trial counsel discussed with Bates the possibility of Bates testifying at trial and anticipated the weaker areas of the case upon which Bates would be cross-examined if he testified. Thus, Bates's claim that his trial counsel was ineffective for rejecting his request to testify is without merit. Strategic decisions regarding what witnesses to call after consultation with the client are virtually unchallengeable and do not amount to ineffective assistance. *Mack v. State*, 242 Ga. App. 256, 258 (2) (c) (529 SE2d 393) (2000). The trial court did not clearly err in concluding that Bates failed to carry his burden of showing ineffective assistance.

(c) We find no merit to Bates's argument that trial counsel's attempts to negotiate a plea somehow amounted to ineffective assistance. As we held in Division 3 (a), evidence supported a finding that trial counsel was adequately prepared for trial, which negates the inference that Bates's counsel was deficient in his approach to plea negotiations or that Bates's defense at trial was somehow prejudiced by his counsel's attempts to negotiate a plea.

(d) Bates has shown no prejudice from his trial counsel's failure to request an instruction that the jury disregard certain testimony after asserting a proper objection to the testimony. The record reveals that the improper testimony was stricken, and the witness was not allowed to follow up on his initial answer regarding purported consistencies between the statements given to the police by Bates's companions. Bates has not shown how his counsel's failure to request an additional instruction after his sustained objection resulted in any prejudice to Bates's defense. Evidence supported a finding that trial counsel provided effective assistance. Cf. *Barner v. State*, 263 Ga. 365, 368 (5) (434 SE2d 484) (1993) (ineffective assistance not shown where failure to request curative instruction resulted in no harm to defendant).

(e) Bates has shown no error in the jury charges that were given, and the mere failure to reserve objections to a jury charge, without an additional showing of deficient performance and prejudice to one's defense, does not amount to ineffective assistance. See, e.g., *Concepcion v. State*, 205 Ga. App. 138, 139 (421 SE2d 554) (1992). Evidence supported a finding that Bates's trial counsel was effective.

(f) Bates has also failed to show how the timing of his trial counsel's motion for directed verdict somehow amounted to deficient performance or resulted in any prejudice to his defense, especially in light of our holding in Division 1 that the evidence at trial was sufficient to sustain Bates's convictions. We hold that the trial court did not clearly err in concluding that Bates has failed to carry his burden of proving ineffective assistance.

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED JANUARY 15, 2003.

*Elliott A. Shoenthal*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Anne M. Long, Assistant District Attorneys*, for appellee.