## A02A2271. WALKER v. THE STATE.
### (581 SE2d 295)

PHIPPS, Judge.

A jury found William S. Walker guilty of voluntary manslaughter, theft by taking a motor vehicle, and armed robbery. Walker contends that the trial court erred in allowing the State to introduce his previous assault conviction because it improperly put his character into issue. We disagree because the conviction was properly admissible to impeach Walker's testimony.

During direct testimony, Walker admitted striking the victim, V. P., but claimed that V. P. had attacked him with a knife. He also admitted taking V. P.'s ATM card.

Q: What did you do with the ATM card?
A: I got — I wanted — I was scared. I hadn't never been in trouble before. I didn't know what to do. . . . I figured I'd get out of town. . . . I went to a couple of banks to see if it'd work. It didn't work.

During opening statements, Walker's counsel told the jury that

[t]he defendant — the defendant, he's never been in any trouble before. The evidence is going to show that [the victim] has been convicted several times of felonies. He's been in prison before, but the defendant, he's never seen anything like this.

The State, in response to Walker's testimony that he had never been in trouble, offered into evidence Walker's previous third degree assault conviction. The trial court allowed the conviction into evi-

---

[5] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

dence over Walker's objection. Walker claims the trial court erred because the conviction improperly placed his character into issue.

OCGA § 24-9-20 (b) provides in part that:

> If a defendant in a criminal case wishes to testify and announces in open court his intention to do so, he may so testify in his own behalf. If a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue.

Walker contends that the statement, "I've never been in trouble before," did not put his character into issue, and thus he did not "open the door" to the introduction of his assault conviction. "[A] defendant does not put his 'character in issue' within the meaning of OCGA § 24-9-20 (b) by inadvertent statements regarding his own good conduct."[1] "Both this court and our Supreme Court have held that a reference to a defendant's having been in trouble does not place his character in issue, since it is unclear what is meant by such a remark. [Cits.]"[2]

Here, Walker's claim to have "never been in trouble" does not appear to be inadvertent. He offered the statement while explaining his conduct after taking V. P.'s ATM card. Furthermore, his counsel in opening statements characterized Walker as unblemished and V. P. as a violent felon. In these circumstances, regardless of whether Walker had placed his character into issue, Walker's statement that he had never been in trouble is subject to impeachment to show the lack of truthfulness in his testimony.[3]

> "Where the defendant testifies in his own behalf and falsely denies past criminal conduct (or past misdeeds,) the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of specific testimony of the defendant. . . . In this circumstance the defendant has not placed his character in issue within the meaning of OCGA § 24-9-20 (b). Rather, we recognize this as a situation where the state is permitted to

---

[1] (Footnote omitted.) *Jones v. State*, 257 Ga. 753, 758 (1) (363 SE2d 529) (1988).

[2] *Richardson v. State*, 173 Ga. App. 695, 696 (2) (327 SE2d 813) (1985).

[3] *Parker v. State*, 169 Ga. App. 557 (1) (313 SE2d 751) (1984).

rebut statements of a defendant who testifies at trial by disproving the facts testified to." [Cit.][4]

This case is factually similar to *Williams v. State*,[5] where counsel in opening statements characterized the defendant as having never been in trouble before and the defendant testified he had never been in any kind of trouble. We affirmed the trial court's decision to admit the defendant's two prior arrests into evidence for purposes of impeachment, but not to show general bad character. "A defendant who may not be subject to impeachment by proof of general bad character or prior convictions as provided in OCGA § 24-9-84 until he puts his character in evidence, is still subject to impeachment. . . ."[6] Here, the State was also entitled to impeach Walker's testimony by introducing his previous conviction for assault, and the trial court did not err in allowing it.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 13, 2003 — 

*Michael E. Garner*, for appellant.
*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.

---

[4] *Gaither v. State*, 194 Ga. App. 213, 214 (1) (390 SE2d 113) (1990). See also *Jester v. State*, 229 Ga. App. 490, 491 (1) (494 SE2d 284) (1997).
[5] 171 Ga. App. 927 (321 SE2d 423) (1984).
[6] Id. at 928 (2).