A04A0737. McNEIL v. THE STATE.
(601 SE2d 390)

MIKELL, Judge.

Jimmie L. McNeil was convicted of aggravated assault, OCGA § 16-5-21 (a), and armed robbery, OCGA § 16-8-41 (a). He was sentenced to life in prison for the armed robbery and 20 years for the aggravated assault, to run consecutively. McNeil appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence and the admission of certain character evidence. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer

enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Viewed in the light most favorable to the verdict, the evidence reveals that on April 27, 2001, Keith O'Brien Ponsell was at home, waiting for Miles Marshall to arrive so that they could discuss arranging a bail bond for Marshall's brother. Marshall arrived by vehicle with McNeil, his cousin. Marshall and Ponsell called a bondsman, but they did not have property with which to post bond. Ponsell testified that Marshall's brother claimed to have buried approximately $30,000, but when Ponsell went to the specified location, there were holes everywhere, and he could not find the money. McNeil then demanded to know where the money was, and Ponsell gave him $185, which was all the money he had in his pocket. According to Ponsell, McNeil then started shooting. Ponsell was struck eight times. A bullet remains lodged next to his spine.

1. McNeil argues that the evidence is insufficient to support his convictions because the only person who was able to identify him as being at the scene was Marshall, who was indicted with McNeil but was granted immunity in exchange for his testimony. However, the record belies McNeil's assertion.

Although Ponsell did not select McNeil's photograph from an array shown to him while hospitalized, he testified that the shooter wore a hat with little tassels hanging down from it. Similarly, Marshall testified that McNeil wore "a hat with strings" hanging from it. Moreover, Marshall's testimony was consistent with Ponsell's testimony in every other material respect. Marshall testified that he was playing with one of Ponsell's dogs when he heard gunfire and that he heard McNeil ask Ponsell where the money was located. Afterward, Marshall ran out to the car and laid on the seat. McNeil came out to the car moments later carrying a .32 caliber pistol and bloodstained money.

The physical evidence points to McNeil's guilt as well. The vehicle driven away from the scene was registered to McNeil, and a receipt for ammunition purchased on April 9, 2001, was found in the car. McNeil's fingerprint was lifted from the receipt. The owner of the store where the ammunition was purchased testified that the price was consistent with .32 caliber bullets. Accordingly, there was ample evidence adduced at trial to enable any rational trier of fact to find McNeil guilty beyond a reasonable doubt of aggravated assault and

---

[1] (Citation omitted.) *Bates v. State*, 259 Ga. App. 232, 233 (1) (576 SE2d 619) (2003).
[2] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

armed robbery.[3] Finally, we note that the jury was aware of Marshall's immunity from prosecution, and the effect of his deal with the state on his credibility was solely for the jury to decide.[4]

2. McNeil additionally argues that the trial court erred in admitting, over his objection, a letter from Coastal Georgia Community College stating that he was being suspended for the spring 2001 semester because he made "vulgar and threatening" statements to a teacher. The trial court concluded that McNeil had opened the door to this evidence by testifying that he was enrolled in college and taking classes on the date of the shooting.

There was no error. OCGA § 24-9-20 (b) states that "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." Even assuming that McNeil's direct testimony did not place his character in issue, he was still subject to impeachment.[5]

> Where the defendant testifies in his own behalf and falsely denies past criminal conduct (or past misdeeds), the State may introduce evidence reflecting negatively on the defendant's character only insofar as that evidence proves the falsity of specific testimony of the defendant. In this circumstance the defendant has not placed his character in issue within the meaning of OCGA § 24-9-20 (b). Rather, we recognize this as a situation where the state is permitted to rebut statements of a defendant who testifies at trial by disproving the facts testified to.[6]

McNeil testified on direct examination that he was taking a class called Computer Information Technology on the date of the shooting. McNeil equivocated on cross-examination when asked about this testimony. First, he stated that he was not in college. The prosecutor then asked him whether he had been "administratively withdrawn" from college. McNeil responded that he had paid administrative fees and was in college through a HOPE scholarship grant. He also testified, "but that day I did not attend. I wasn't attending college." The prosecutor asked him again whether he had been withdrawn. McNeil replied, "I don't know. If you think so." The state was then

---

[3] See *Bates*, supra; *Jackson v. Virginia*, supra.

[4] See *Clemons v. State*, 265 Ga. App. 825, 831 (595 SE2d 530) (2004).

[5] *Walker v. State*, 260 Ga. App. 241, 242 (581 SE2d 295) (2003).

[6] (Citations and punctuation omitted.) Id. at 242-243.

permitted to impeach McNeil with the letter. Given McNeil's equivocal and untruthful testimony, the trial court did not err in admitting the letter. The state had the right to disprove the facts to which McNeil testified.

In addition, McNeil argues that the trial court should have redacted from the letter the reason for his suspension. However, he did not request this relief from the trial court and has therefore waived this argument on appeal.[7]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 17, 2004.

*Patrick C. Kaufman*, for appellant.
*Stephen D. Kelley, District Attorney, Leslie K. DeVooght, Assistant District Attorney*, for appellee.

---

[7] *Boykin v. State*, 264 Ga. App. 836, 841 (4) (592 SE2d 426) (2003).