## A04A1115. KATES v. THE STATE.
(603 SE2d 342)

MIKELL, Judge.

David G. Kates, James David Adcock, and Robert William Keller were indicted jointly for burglary (two counts), aggravated assault, kidnapping, false imprisonment (two counts), and armed robbery. In their respective trials, Kates was convicted on all counts, and Adcock was convicted of one count of burglary and two counts of false imprisonment.[1] We affirmed Adcock's convictions,[2] and in this appeal, we affirm Kates's convictions as well.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence.[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt.[4]

So viewed, the evidence adduced at trial shows that sometime after 10:00 p.m. on September 5, 2001, Loretta Walker and her husband, George H. Walker, were upstairs watching television when they heard a knock on the front door. Mrs. Walker thought that her son, J. R., had forgotten his key, so she went to answer the door. Mrs. Walker looked through the peephole and saw Adcock, whom she knew as a friend of her son. Because Adcock had been to her home before, Mrs. Walker opened the door. Kates pushed the door open and rushed inside. Kates grabbed Mrs. Walker, pointed a gun at her head, and demanded to know where J. R. was. She said she did not know. Kates asked who else was home, and Mrs. Walker told him that her husband was upstairs. Kates forced her upstairs at gunpoint and told her to sit next to her husband, who was in bed. Kates told the Walkers that J. R. had taken money from him and that he wanted it back. He took money from Mr. Walker's wallet, and he kept the gun pointed at the Walkers during the entire incident.

Finally, Kates ripped the telephone cord out of the wall and instructed his accomplices to bind and blindfold the Walkers, which they did. Before he left, Kates told the Walkers that he would have them "taken care of" if they called the police, so they did not report the

---

[1] The record does not reflect the status of the charges against Keller.

[2] *Adcock v. State*, 269 Ga. App. 9 (603 SE2d 340) (2004).

[3] *Bates v. State*, 259 Ga. App. 232, 233 (1) (576 SE2d 619) (2003).

[4] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

incident right away. However, the next day, Kates called and threatened to return that night if the Walkers did not have the money J. R. owed him, so they called the police.

The lead detective on the case, Gwinnett County Police Detective Eric Osterberg, testified that he identified Kates as a possible suspect through a cell phone record. The detective obtained Kates's driver's license photograph, placed it in a six-person photographic array, and showed the array to the Walkers. The Walkers both identified Kates as the gunman. In addition, they made an in-court identification at trial.

In his sole enumeration of error, Kates contends that the identification evidence was insufficient to support his convictions. He bases this argument on the alleged conflict between the Walkers' testimony that the gunman had a tattoo on his arm and a trial demonstration revealing no tattoo on Kates's arm. Even if it could be said that the demonstration conflicted with the Walkers' testimony, any such conflict in the evidence was a matter for the jury to resolve and did not affect the sufficiency of the identification.[5] We find the evidence sufficient for any rational trier of fact to conclude beyond a reasonable doubt that Kates was guilty of the offenses as charged in the indictment.[6]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 6, 2004.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, Gregory D. McKeithen, Assistant District Attorney*, for appellee.

---

[5] See, e.g., *Gould v. State*, 168 Ga. App. 605, 608 (3) (309 SE2d 888) (1983).
[6] *Jackson v. Virginia*, supra.