A05A0155. EMBERSON v. THE STATE.
(611 SE2d 83)

ANDREWS, Presiding Judge.

A jury found Adam Ross Emberson guilty of aggravated assault and aggravated battery. The trial court merged the two convictions, but did not specify which merged into the other, and imposed a single sentence of twenty years comprised of ten years to serve and the remainder on probation. Emberson appeals claiming that the evidence was insufficient to support the conviction; that the trial court erroneously admitted certain evidence; and that the prosecutor made improper statements during closing argument. For the following reasons, we affirm the judgment of conviction and sentence with direction.

1. The evidence was sufficient to support the conviction. The State produced testimony from three men that, as they were walking together along the side of a road at night, a passing car swerved at them and almost hit them, then turned around and passed by again while swerving and attempting to hit them a second time. One of the men testified that he hit the driver's side of the car with a rock on the

---

second pass, and that the car stopped and the three men confronted the driver and a passenger in the car. Two of the three men testified that they saw the driver get out of the car wielding a machete, and one testified that he saw the driver strike the third man in the group on the shoulder with the machete. The victim of the machete blow testified that he did not see the driver get out of the car, but as he was arguing with the passenger, he turned around and was immediately hit by the driver with an object that cut into his shoulder. After the machete attack, all three men ran from the scene, and the victim was subsequently taken by ambulance for treatment at a hospital. Evidence showed that the machete blow sliced through the victim's collar bone; severed tendons; partially severed the victim's rotator cuff; and left a disfiguring scar across the top of the victim's shoulder.

The next morning, the two men who were with the victim during the attack testified that they located a car at a nearby residence which matched the type and color of the car driven by the attacker and which had a dent on the driver's side in the area where the rock was thrown. Emberson lived at the residence and the men confronted him and accused him of being the attacker. Police were called to the residence and an investigation ensued during which Emberson denied any involvement in the attack. Both men who were with the victim identified Emberson in a police photographic lineup as the man who attacked the victim with a machete. The victim identified Emberson as the attacker in the same photographic lineup, but also pointed out one other man in the lineup who he said could be the attacker.

At the trial, which occurred about twenty months after the attack, one of the men with the victim at the scene of the attack testified that Emberson "looks like" the attacker; the other man with the victim testified that Emberson looked "a little like" the attacker; and the victim testified at the trial that Emberson "resembled" the man who cut him. The State also produced testimony from a friend of Emberson, who testified that Emberson confided in him that he hit a man with a machete after someone threw an object at his car. The record shows that this testimony was given in exchange for dismissal of pending criminal charges against the witness. Emberson testified in his own defense, denied any knowledge of the attack, and claimed that he was home sick on the night of the attack. Emberson also produced alibi evidence from a girlfriend who testified that she was with him on the night of the attack and that he was home sick the entire night.

The evidence was sufficient for the jury to conclude beyond a reasonable doubt that Emberson was the man who attacked the victim with a machete, and that by doing so Emberson was guilty of: (1) aggravated assault with a deadly weapon resulting in serious

bodily injury (OCGA § 16-5-21 (a) (2)); and (2) aggravated battery by maliciously causing bodily harm and serious disfigurement (OCGA § 16-5-24 (a)). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Under the circumstances, however, the aggravated assault merged as a matter of fact into the aggravated battery, which required additional proof that striking the victim with the machete caused serious bodily disfigurement. *Harvell v. State*, 275 Ga. 129, 131 (562 SE2d 180) (2002). Since the trial court merged the convictions for sentencing but did not specify which conviction merged into the other, the trial court is directed on remand to specify that the aggravated assault merged into the aggravated battery and that the sentence imposed was for the offense of aggravated battery.[1] Id.

2. Emberson claims the trial court erroneously allowed the State to impeach him with evidence of his delinquent adjudications in juvenile court.

Emberson conceded that, after he testified on cross-examination that he was "not used to criminal cases" and that they were "not something I want to become accustomed to," the trial court properly allowed the State to impeach him pursuant to OCGA § 24-9-82 by disproving his testimony with evidence that he had been previously charged with and convicted of the felony criminal offense of criminal damage to property. *Norwood v. State*, 202 Ga. App. 782, 783 (415 SE2d 521) (1992). Emberson contends, however, that the trial court erred by allowing the State, over his objection, to also impeach him pursuant to OCGA § 24-9-82 with evidence that he had previously been adjudicated delinquent in juvenile court. We agree. Because an adjudication of delinquency is not a conviction of a crime, these matters did not tend to impeach Emberson by disproving his testimony about criminal matters. *Smith v. State*, 154 Ga. App. 190, 192 (267 SE2d 826) (1980); compare *Williams v. State*, 171 Ga. App. 927, 928 (321 SE2d 423) (1984) (evidence of prior juvenile arrests admissible for impeachment pursuant to OCGA § 24-9-82 after the defendant testified that he had never before been in any kind of trouble).

But we find no cause for reversal. At the time the impeaching evidence was admitted pursuant to OCGA § 24-9-82, the trial court instructed the jury that it was admitted for the limited purpose of refuting Emberson's testimony that he was not familiar with criminal cases, and that it could not be considered for any other purpose. In its charge to the jury, the trial court reiterated this instruction and added that "[t]he defendant is on trial for the particular events

---

[1] Under the facts of this case, the statutory punishments for aggravated assault set forth in OCGA § 16-5-21 (b) and for aggravated battery set forth in OCGA § 16-5-24 (b) are identical — "imprisonment for not less than one nor more than 20 years."

charged in this special presentment only, and he is not on trial for any other offenses or transactions." Accordingly, the trial court limited the jury's consideration of the erroneously admitted juvenile adjudications to disproving testimony which had already been properly disproved by admission of Emberson's prior felony conviction. Under the circumstances, we find the error was harmless because it was highly probable it did not contribute to the jury's finding of guilt. *Terry v. State*, 165 Ga. App. 344 (301 SE2d 291) (1983).

3. Emberson claims the prosecutor made improper statements to the jury during closing argument by referring to Emberson and other defense witnesses as "liars" who told "lies." He claims the trial court erred by overruling his objections to these statements and by denying his motion for a mistrial.

Although it would have been improper for the prosecutor to argue to the jury that he personally believed a witness was a liar or was lying, "it is entirely proper for counsel to urge the jury to deduce such a conclusion from proven facts." (Citation and punctuation omitted.) *Robinson v. State*, 278 Ga. 31, 36 (597 SE2d 386) (2004). "Where the argument is based on evidence, conflicts in evidence, or lack of evidence and deductions, even far-fetched deductions, such argument is proper even if it questions the veracity of the defendant." *Smith v. State*, 151 Ga. App. 697, 700 (261 SE2d 439) (1979). The record shows that the prosecutor was not stating a personal belief, but was arguing that, based on the evidence and deductions therefrom, the jury should conclude that Emberson and other defense witnesses were lying. We find no error.

*Judgment affirmed with direction. Phipps and Mikell, JJ., concur.*

DECIDED FEBRUARY 24, 2005.

*Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney, John S. Helton, Assistant District Attorney*, for appellee.