A07A0555. JONES v. THE STATE.
A07A0556. McCOY v. THE STATE.
(645 SE2d 608)

JOHNSON, Presiding Judge.

A jury found Michael Jones and Norris McCoy guilty of three counts of armed robbery, two counts of kidnapping and one count of burglary. The trial judge sentenced Jones to serve twenty-five years in confinement and sentenced McCoy as a recidivist to serve three life sentences in confinement. Jones and McCoy have filed separate appeals, but because they arise from the same trial, we shall consider them together in this opinion.

*Case No. A07A0555*

1. Jones argues that the trial court improperly denied his motion for a directed verdict of acquittal because of deficiencies in the victims' identifications of him and inconsistencies in the state's evidence. The argument is without merit.

The standard for reviewing the denial of a motion for a directed verdict of acquittal is the same as that used for reviewing the sufficiency of the evidence supporting a criminal conviction.[1]

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.

---

[1] *Smith v. State,* 280 Ga. 490, 492 (1) (629 SE2d 816) (2006).

Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.[2]

Viewed in the light most favorable to the verdict, the evidence shows that at approximately 7:15 a.m., on December 1, 2000, two men approached Anna Aponte as she scraped ice off the windshield of her car in the parking lot of her apartment complex in Fulton County. They forced her into the car at gunpoint. One of the men sat in the front passenger seat while the other sat in the back seat. The men ordered Aponte to drive from her apartment complex to two different automatic teller machines, from which she was forced to withdraw a total of $780 from her bank account. The men took the money, as well as jewelry, from Aponte. They ordered Aponte to drive back to the apartment complex, and then they fled from the vehicle. Aponte immediately reported the incident to the police, and she later identified Jones and McCoy from different six-person photographic lineups as the perpetrators. She also testified at trial that she is 100 percent certain that Jones and McCoy are the two men who robbed and kidnapped her.

The evidence further shows that just after 7:00 a.m., on December 2, 2000, Edward Ellis left his apartment and got into his car. As he was about to start the car, he realized that two men were standing by the driver's side door and one of them was tapping on the door window with a gun. The men ordered Ellis to open the door and they took his wallet, which contained, among other things, a few dollars, his driver's license, credit cards and an insurance card. The men demanded that Ellis give them his ATM card and that he take them into his apartment, but after he told them he did not have an ATM card and that there were a lot of people in the apartment, they fled from the scene. Ellis reported the incident to the police, and identified Jones and McCoy in court as the perpetrators.

Also on the morning of December 2, 2000, Alma Mundy was walking toward her apartment in Fulton County when two men approached her with a gun. The men forced her into her apartment and took approximately $32 as well as Mundy's ATM card. Mundy refused to leave the apartment with the men, who then fled. Mundy called the police and later identified both Jones and McCoy from

---

[2] (Punctuation and footnotes omitted.) *Jackson v. State*, 281 Ga. App. 83, 83-84 (1) (635 SE2d 372) (2006).

photographic lineups as the perpetrators. She also testified at trial that she is 100 percent sure that Jones and McCoy are the men who robbed her.

"[I]dentity is a question for the trier of fact; where a witness identifies a defendant, the credibility of the witness making that identification is not to be decided by this Court."[3] In the instant case, the three victims each identified Jones as one of the perpetrators, so even if there are inconsistencies in the evidence, the jury, as the trier of fact, was authorized to find those identifications to be credible. Having reviewed all the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which a rational trier of fact could have found Jones guilty of the crimes charged.[4]

### Case No. A07A0556

2. McCoy contends that the trial court erred in denying his motion for a mistrial after the prosecutor, during his closing argument to the jury, described the crimes as early morning terror and random acts of violence and then asked the jurors, "Who's next? Is it one of you?" Rather than granting a mistrial, the trial judge admonished the prosecutor and instructed the jurors that the prosecutor's comments were inappropriate, were not proper for their consideration and should be disregarded.

"Whether to grant a mistrial for improper argument is a matter largely within the trial court's discretion. The trial court has other options, including the rebuke of counsel and providing curative instructions."[5] In the instant case, we find no abuse of discretion in the trial court's decision to rebuke counsel and give curative instructions, rather than grant a mistrial, due to counsel's improper argument.

*Judgments affirmed. Phipps and Mikell, JJ., concur.*

### DECIDED APRIL 16, 2007.

*Patrick G. Longhi*, for appellant (case no. A07A0555).
Norris McCoy, *pro se* (case no. A07A0556).

---

[3] (Footnote omitted.) *Strange v. State*, 250 Ga. App. 735, 737 (552 SE2d 899) (2001).

[4] See *Kates v. State*, 269 Ga. App. 8, 9 (603 SE2d 342) (2004).

[5] (Citation omitted.) *Lloyd v. State*, 280 Ga. 187, 192 (2) (d) (ii) (625 SE2d 771) (2006).

*Paul L. Howard, Jr., District Attorney, Stephany J. Luttrell, Elizabeth A. Baker, Assistant District Attorneys*, for appellee.