## A07A1374. VONHAGEL v. THE STATE.
(651 SE2d 793)

JOHNSON, Presiding Judge.

After a jury trial, Paul Vonhagel was convicted of aggravated assault and criminal trespass. He appeals, challenging the sufficiency of the evidence supporting his aggravated assault conviction; the effectiveness of his trial counsel; and the trial court's failure to declare a mistrial after certain character evidence, failure to answer a jury question and failure to poll the jury after its verdict. The challenges are without merit, and we therefore affirm Vonhagel's conviction.

1. On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys the presumption of innocence.[1] Moreover, this court determines only the sufficiency of the evidence and does not weigh the evidence or determine the credibility of witnesses.[2]

Viewed in the light most favorable to the verdict, the evidence shows that on December 27, 2000, Lisa Weckerly called Vonhagel, whom she had been dating for several months, to tell him that she was spending the night at the home of her friend Karen Ward and that she would see him at work the next morning. At approximately 11:30 that night, Vonhagel drove to Ward's house to see Weckerly. Ward let Vonhagel come into the house, where he saw that Weckerly was asleep on a couch.

Vonhagel went out to the carport where an argument ensued about whether he could remain on Ward's property. Vonhagel told Ward that he was going to sleep in his truck in her driveway, but she told him that he could not do that and that he had to leave. Vonhagel then pulled a handgun out of a holster he was wearing and hit Ward on the side of her head with the gun, threatening her in a loud voice.

Ward retreated into the house as Weckerly, who had been awakened by the commotion, came to the carport door. Upon seeing Vonhagel standing outside with his gun, she slammed the door shut and locked it. She and Ward crawled into the kitchen, and Ward then went into a bedroom to call the police.

---

[1] *Mullins v. State*, 270 Ga. App. 271, 272 (1) (605 SE2d 913) (2004).
[2] Id.

While Ward was on the phone, Vonhagel kicked the carport door in and entered the house holding his gun. A short time later, the police arrived at the house and Vonhagel was placed under arrest. According to the arresting officer, Vonhagel admitted that after Ward had told him to leave he hit her on the side of the head with his gun and kicked in the door to get into the house.

Vonhagel argues that the evidence does not support the verdict of guilt as to aggravated assault because there is no evidence that he used his gun as a deadly weapon. Vonhagel's argument is misplaced because he was not indicted for using his gun as a deadly weapon. Rather, he was indicted for committing an assault by striking Ward on the side of her head with his handgun, an object when used offensively is likely to result in serious injury.

> Under OCGA § 16-5-21 (a) (2), a person commits the offense of aggravated assault when he assaults "with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." This subsection is a disjunctive clause that provides alternative bases for conviction.[3]

Because the indictment in the instant case charged that Vonhagel's gun was an object which, when used offensively, is likely to result in serious injury, no evidence of a deadly weapon was required at trial.[4] Having reviewed the evidence in the light most favorable to the verdict, we conclude that there is sufficient evidence from which a rational trier of fact could have found Vonhagel guilty beyond a reasonable doubt of aggravated assault as charged in the indictment.[5]

2. Vonhagel argues that his conviction should be reversed because he received ineffective assistance of trial counsel. We disagree.

> To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. In making this showing, [appellant] must rebut by clear and convincing evidence the strong presumption that

---

[3] (Punctuation and footnote omitted.) *Anthony v. State*, 275 Ga. App. 274, 276 (1) (620 SE2d 491) (2005).

[4] Id.

[5] See *Massey v. State*, 278 Ga. App. 303, 304 (1) (628 SE2d 706) (2006).

his attorney was effective. The standard of our review of the trial court's determination of the effectiveness of counsel is whether its findings are clearly erroneous.[6]

(a) Vonhagel contends his trial counsel was ineffective because he told the trial court that Vonhagel had placed his character in issue by testifying that he had never before had any police intervention in his life, had never been arrested and had not even had a speeding ticket. Even if we assume for the sake of argument that counsel's statement was deficient, Vonhagel has not shown that it prejudiced his defense.

Counsel's statement came outside the presence of the jury during a discussion between the parties and the court about whether the state could present evidence that during a prior traffic incident Vonhagel had pointed his gun at another motorist. The trial court ultimately ruled that the state could introduce the evidence, not to show bad character, but to impeach Vonhagel's statement on direct examination that he had not threatened Ward by pointing his gun at her, testifying that he "would never ever do anything like that."

As the trial court ruled, regardless of whether Vonhagel had placed his character in issue, his testimony that he would never threaten someone by pointing a gun at her is subject to impeachment to show its lack of truthfulness.[7] "[T]he state is permitted to rebut statements of a defendant who testifies at trial by disproving the facts testified to."[8] Since the trial court correctly ruled that the state could impeach the truthfulness of Vonhagel's testimony, there is no reasonable probability that but for counsel's purportedly deficient statement the outcome of the trial would have been different.

(b) Vonhagel claims his trial counsel was ineffective in failing to object to the prosecutor asking each of his four character witnesses whether their opinion of Vonhagel would change if they knew he had brandished a handgun at someone during a traffic confrontation. However, once a defendant puts his character in issue, the state may cross-examine the character witnesses about specific acts in order to test the extent and foundation of their knowledge of the defendant's character.[9] Since the state was authorized to cross-examine Vonhagel's character witnesses about specific acts of bad conduct, any

---

[6] (Citations and punctuation omitted.) *Wafford v. State*, 283 Ga. App. 154, 155 (1) (640 SE2d 727) (2007).

[7] See *Walker v. State*, 260 Ga. App. 241, 242 (581 SE2d 295) (2003).

[8] (Punctuation and footnote omitted.) Id. at 242-243.

[9] *Carroll v. State*, 255 Ga. App. 230, 232 (3) (564 SE2d 833) (2002); *Davidson v. State*, 231 Ga. App. 605, 610 (5) (a) (499 SE2d 697) (1998).

challenge to the questioning would have been futile and the failure to pursue a meritless challenge cannot amount to ineffective assistance of counsel.[10]

(c) Vonhagel argues counsel was ineffective in not demanding a mistrial after Weckerly testified on rebuttal that there was an incident when Vonhagel got out of his car with his gun on him and went back to yell at the driver of another vehicle, but she could not recall if he brandished the gun. At the motion for new trial hearing, counsel testified that he believed the state's case had ended on a flat note due to the witness' wavering testimony. At the hearing, Vonhagel did not question counsel about this decision or present any evidence contradicting his testimony. "[B]ecause trial counsel's failure to move for a mistrial . . . may have been a strategic decision, and because [Vonhagel] did not question trial counsel concerning this decision, . . . [Vonhagel] has failed to carry his burden to demonstrate that trial counsel provided deficient performance."[11]

(d) Vonhagel's claim that trial counsel was ineffective in not reserving objections to the jury charge is baseless given that the trial transcript reveals counsel did in fact reserve objections to the jury charge.

(e) Vonhagel contends counsel was ineffective in failing to request that the jury be polled after its verdict. The purpose of a jury poll is to determine if the verdict agreed upon in the jury room is still the unanimous verdict of the jury.[12] Here, Vonhagel has cited no evidence indicating that the verdict may not have been unanimous. Further, he has cited no authority requiring trial counsel, in order to effectively represent his client, to poll the jury.[13]

3. Vonhagel claims the trial court erred when it did not sua sponte declare a mistrial after prejudicial testimony from his own character witnesses on cross-examination and from Weckerly. We first note that in the portion of his brief which addresses this claim of error, Vonhagel has made no reference to the record or transcript and has not indicated precisely what testimony from his own character witnesses or Weckerly mandated the trial court, on its own motion, to declare a mistrial. It may be that he is referring to Weckerly's rebuttal testimony about the prior traffic incident and the testimony given by his character witnesses in response to questions about that incident, as discussed above in Division 2 concerning his ineffective assistance of counsel claim. But absent clear references to the transcript and the

---

[10] See *Kemp v. State*, 257 Ga. App. 340, 341 (2) (571 SE2d 412) (2002).

[11] (Footnote omitted.) *Dyer v. State*, 278 Ga. 656, 660 (7) (604 SE2d 756) (2004).

[12] *Benefield v. State*, 278 Ga. 464, 465 (602 SE2d 631) (2004).

[13] *Aleman v. State*, 227 Ga. App. 607, 614 (3) (h) (489 SE2d 867) (1997).

precise testimony at issue, this court will not search the record on a party's behalf or consider such an enumeration.[14]

Moreover, the section of Vonhagel's brief addressing this enumeration of error consists of two conclusory sentences and does not include any citations of legal authority in support of his claim that the trial court was required to issue a sua sponte mistrial declaration. Given the lack of meaningful argument and the absence of citations of legal authority, this enumeration is deemed abandoned.[15]

4. Vonhagel complains that the trial court erred in not answering a question from the jury about whether battery, simple battery or reckless conduct are felonies. Again, Vonhagel has failed to support this claim of error with any citation of authority.[16] Moreover, the transcript reveals that upon receiving the question, the trial judge conferred with the parties about it, and both Vonhagel's counsel and the state expressly agreed that the judge should tell the jury he could not answer the question. After the judge so informed the jury, he asked if there were any objections and Vonhagel's attorney said he had none. "A defendant cannot acquiesce in a trial court's ruling below and then complain about that ruling on appeal."[17]

5. Vonhagel contends the trial court erred in failing to poll the jury after the verdict. Once again, Vonhagel's two-sentence argument in support of this claim of error contains no reference to the record or transcript and no citations of authority.[18] Furthermore, the transcript reveals that after the verdict, Vonhagel's attorney stated he had no exceptions to the form of the verdict and agreed that the jury could be excused. Although the privilege of polling a jury is the legal right of a criminal defendant and does not depend on the discretion of the court,[19] Vonhagel made no request for the jury to be polled and did not object to the lack of polling. "Matters not objected to at trial cannot be raised for the first time on appeal. Likewise, self induced error cannot be complained of on appeal."[20]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

[14] See Court of Appeals Rule 25 (c) (3) (i); *Wilkes v. State*, 269 Ga. App. 532, 536 (4) (604 SE2d 601) (2004) (not this court's role to cull the record on a party's behalf).

[15] See Court of Appeals Rule 25 (c) (2), (3) (i).

[16] See Court of Appeals Rule 25 (c) (2).

[17] (Citation, punctuation and footnote omitted.) *Lummus v. State*, 274 Ga. App. 636, 637 (1) (618 SE2d 692) (2005).

[18] See Court of Appeals Rule 25 (c).

[19] *Benefield*, supra at 466.

[20] (Citations and punctuation omitted.) *Nelson v. State*, 279 Ga. App. 859, 864 (1) (b) (632 SE2d 749) (2006).

DECIDED SEPTEMBER 11, 2007.

*John R. Burdges,* for appellant.

*Daniel J. Porter, District Attorney, Niria D. Baggett, Assistant District Attorney,* for appellee.