A08A0613. FINNAN v. THE STATE.
(662 SE2d 269)

MILLER, Judge.

Following a jury trial, David Wesley Finnan was convicted of two counts of aggravated child molestation, four counts of child molestation, two counts of aggravated sexual battery, one count of enticing a child for indecent purposes, and one count of giving a false name to a law enforcement officer. See OCGA §§ 16-6-4 (c); 16-6-4 (a); 16-6-22.2; 16-6-5; 16-10-25. Finnan appeals, claiming that the trial court erred in allowing the State to introduce evidence of his general bad character and that he received ineffective assistance of counsel. Discerning no error, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). So viewed, the evidence shows that on the night of September 18, 2004, 13-year-old A. B. was sleeping over at the home of her best friend, S. P., who was Finnan's stepdaughter. At approximately 10:00 p.m., Finnan asked A. B. if he could rub her feet later that night, after everyone else had fallen

asleep. Because he had rubbed her feet before, A. B. agreed.

Later that night, while A. B. was falling asleep in a bedroom, S. P. joined Finnan in the living room. After telling S. P. that he was going to the bathroom, Finnan went into the bedroom where A. B. was sleeping. There, Finnan kissed and licked A. B.'s feet against her will, forcibly rubbed A. B.'s feet on his genitals, and committed the acts serving as the basis for the charges of child molestation and one of the counts of aggravated sexual battery.

When Finnan left the room, A. B. called her father and mother and told them what had happened. The next morning, a police officer took A. B. to a local hospital, where her legs and feet were swabbed. DNA from Finnan's saliva was found on one of the swabs taken from one of A. B.'s feet.

After Finnan was arrested, S. P. reported to police that Finnan had previously molested her. Finnan's acts toward S. P. served as the basis for the charges of aggravated child molestation and the other count of aggravated sexual battery.

1. Finnan first claims that the trial court erred in allowing the State to introduce evidence of his general bad character. Specifically, Finnan points to testimony that "he changed his name to Wes Chavis because he had people looking for him[,]" that he claimed to be the illegitimate son of the former head of the Gambino crime family and was due to inherit a substantial amount of money that differed "depending on which day you talked to him," and that "he said he pulled [the name 'Wes Chavis'] off a tombstone somewhere." Finnan also points to testimony describing his attraction to feet and his admission to having a "foot fetish."

Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion. *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996). Here, the testimony related to Finnan's alias of "Wes Chavis" was relevant to support the charge that he gave the false name of "Wesley Langdon Chavis" to police officers investigating A. B.'s allegations. Moreover, the testimony regarding Finnan's attraction to feet and "foot fetish" was relevant to support the charges that he kissed A. B.'s feet with the intent to arouse such "fetish" and that he rubbed A. B.'s feet on his genitals. See *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999) (evidence admissible to show "defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity").

2. Finnan also alleges that he received ineffective assistance from his trial counsel. Despite Finnan's claim that trial counsel did not adequately investigate or prepare witnesses for trial, trial counsel testified as to his adequate investigation and preparation.

The trial court found that Finnan's claims regarding his trial counsel's lack of preparation were not credible, and a trial court's factual findings and credibility determinations related to a claim of ineffective assistance must be accepted by this Court unless clearly erroneous. *Suggs v. State*, 272 Ga. 85, 88 (4) (526 SE2d 347) (2000).

At trial, Finnan repeatedly stated that he was satisfied with the representation he received from trial counsel. The fact that Finnan now finds fault with trial counsel's performance does not require a finding that he received deficient representation. See *Byrd v. State*, 274 Ga. 58, 61 (2) (548 SE2d 2) (2001). Given Finnan's failure to demonstrate error by the trial court, we will not disturb its denial of his motion for new trial based on ineffective assistance of counsel. See, e.g., *Bates v. State*, 259 Ga. App. 232, 234 (3) (a) (576 SE2d 619) (2003).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 12, 2008.

*Barbara N. Lanier*, for appellant.
*Spencer Lawton, Jr., District Attorney*, for appellee.

