A96A0815. KELLER v. THE STATE.
(473 SE2d 194)

SMITH, Judge.

Drue A. Keller was indicted on one count of cruelty to children, OCGA § 16-5-70 (b). He was found guilty by a jury, his motion for new trial was denied, and he appeals. He contends that the evidence against him was insufficient, that certain testimony was erroneously admitted, and that the rule of sequestration was violated. Finding no

merit in any of these contentions, we affirm.

1. Keller asserts the general grounds. His sole defense at trial was that the State made an insufficient showing that he inflicted "cruel or excessive physical or mental pain" on the child within the meaning of the statute. Because the child's mother also whipped the child, Keller contends no evidence established that any of the bruises or other marks inflicted on the child were caused by Keller's whipping him with a belt. This contention has no merit.

The director of the county office of the Department of Family & Children Services testified that she interviewed the child and observed eight bruises on the backs of his legs that in her opinion resulted from excessive force. The child told the DFACS director that his mother hit him with a coat hanger and Keller hit him with a belt. The child's mother testified that Keller, suspecting the child had taken his wallet, urged her over a period of about two hours to discipline the child and that she ultimately "gave into him" and whipped the child with the broad side of a wooden coat hanger.[1] Keller then took the child into the bathroom, stating that the mother "didn't discipline him hard enough."

The mother testified she heard six or seven blows and crying from inside the bathroom, and she entered the bathroom to find Keller with the belt in his hand and his arm raised "fixing to swing at him again." A Dade County sheriff's deputy who examined and photographed the child's injuries testified that the bruises were inflicted with a large flexible object that curved around the inside of the child's legs. The photographs were in evidence, and the jury was authorized to conclude on the basis of this testimony that a belt, rather than a rigid object such as the side of a wooden coat hanger, inflicted the bruises discovered on the child. This constituted sufficient evidence authorizing a rational finder of fact to conclude that Keller was guilty beyond a reasonable doubt of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Strickland v. State*, 212 Ga. App. 170, 171 (1) (441 SE2d 494) (1994).

2. Keller enumerates as error the admission of certain testimony given by the child's father. Asked by the State about the child's demeanor after the incident, the witness gave the nonresponsive answer, "[H]e speaks of hurting Drue hisself." The trial court overruled Keller's hearsay objection, and the prosecutor then rephrased the question, explaining that by "demeanor" he meant the child's feelings. Keller contends this testimony was inadmissible hearsay

---

[1] The record reveals that the child's mother pleaded guilty to a criminal offense arising out of the same incident, but the specific nature of that offense is not stated.

and that a new trial should be granted on this basis. We disagree.

This nonresponsive answer does not fall within the hearsay rule. Evidence that the child wished to harm Keller was not hearsay. "Hearsay evidence is that which does not derive its value solely from the credit of the witness but rests mainly on the veracity and competency of other persons." OCGA § 24-3-1 (a). The proffered testimony was not offered to prove the truth of the child's statement. The statement's value derives not from the veracity and competency of the child, but from the credit of the witness himself. It was simply a verbal act demonstrating the child's state of mind and demeanor. "It was, therefore, original evidence. [Cits.]" *Hodges v. State*, 265 Ga. 870, 874 (4) (463 SE2d 16) (1995).

Moreover, to the extent that Keller complains of testimony regarding the child's demeanor, that complaint has no merit. Demeanor is one of the factors used to determine the reliability of a child's statement under OCGA § 24-3-16. See *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991). See also *Knight v. State*, 207 Ga. App. 846, 847 (1) (429 SE2d 326) (1993) (testimony regarding child's demeanor part of "observable physical criteria" which an expert witness can testify are consistent with child's statement); *Harris v. State*, 164 Ga. App. 597 (298 SE2d 301) (1982) (child's demeanor immediately after alleged rape corroborative of her statement).

3. Finally, Keller complains the rule of sequestration was violated when the trial court permitted the State to recall a witness for rebuttal testimony after she had been excused and had remained in the courtroom. This contention is controlled adversely to Keller by this Court's decision in *Bigby v. State*, 184 Ga. App. 94, 96 (6) (360 SE2d 751) (1987). "Violation of the rule of sequestration goes to the credibility of a witness, not to his competency to testify. [Cits.]" Id.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 24, 1996.

*John R. Emmett*, for appellant.
*Ralph Van Pelt, Jr., District Attorney, John P. Webb, Assistant District Attorney*, for appellee.