## A96A1111. WATSON v. THE STATE.
### (473 SE2d 262)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of rape and incest for sexual acts committed against his daughter. Viewed in the light most favorable to the jury's verdict, the evidence revealed that on the morning of April 9, 1995, Mary Ann Groomes stepped out of the home she shared with defendant and the victim, his 14-year-old daughter, to speak with a neighbor. She returned presently, only to find the "front screen door was hooked." Mary Ann Groomes managed to pop the hook from the latch, and when she went inside, she "found [defendant] on the bed with his daughter, and he jumped up off the top of her. And she was undressed from the waist down, and he ran to the other side of the room." Defendant was clad only in basketball shorts, while the victim's clothes were "at the foot of the bed on the floor and she was laying on the bed with her legs wide open." As Mary Ann Groomes started beating defendant with a broom, he attempted to explain that "some guys said that they had been with [the victim] and that she had a tattoo between her legs and he was looking for the tattoo." Mary Ann Groomes confirmed that the victim had a tattoo, but "not between her legs. It's on her thigh." Before the police arrived, the victim told Mary Ann Groomes "that he [defendant] was making her have sex with him." Mary Ann Groomes saw defendant drinking whiskey that morning. Deputy Gene Shattles of the Terrell County Sheriff's Department arrived and spoke with the victim, who "was upset at first. It took about fifteen minutes before she would say anything, then she talked." At the police station, the victim "stated that it had been going on since she was six years old." Defendant returned to the home and Deputy Shattles placed him under arrest. Defendant had "bloodshot eyes, kind of slurred speech like he had been . . . under the influence of alcohol." Once or twice, defendant stated to Deputy Shattles that "he was only checking — that he heard a rumor that some boys put a hickey in the lower part, and he was checking to see if this was really true."

The 14-year-old victim testified "he [defendant] was drunk. So, I told him that I was fixing to go over to grandma's house. . . ." She did not wish to be around defendant when he had been drinking. As

she was getting her shoes, "he grabbed [her] . . . and pulled down our clothes. . . . He [threw her] on the bed, and he had his hand around [her] neck. Then he told [the victim] to shut up and stop all that hooping and hollering because . . . nobody [was] going to believe it anyway. . . ." The victim's "shorts and [her] panties . . ." were on the floor. Without removing his shorts, defendant "took his penis out and put it in [her]." Defendant said to the victim, "if [she] ever told anybody, he was going to kill [her]."

The jury found defendant guilty of each charge, and this direct appeal followed. *Held*:

1. Although not enumerated as error, we find the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of rape and incest as alleged in the indictment. *Kirby v. State*, 187 Ga. App. 88 (1), 89 (369 SE2d 274). See also *Baker v. State*, 245 Ga. 657, 664 (5) (266 SE2d 477).

2. In his sole enumerated error, defendant contends the trial court erred in permitting Mary Jane Salter, of the Terrell County Department of Family & Children Services, to testify as a rebuttal witness for the State, after she had sat through the trial and heard the testimony of the State's previous witnesses. He argues that this was in violation of the rule of sequestration.

Generally, "in all cases, either party shall have the right to have the witnesses of the other party examined out of the hearing of each other." OCGA § 24-9-61. For aught that appears of record, however, the rule of sequestration was never invoked by either the State or defendant before the presentation of evidence. Consequently, this enumeration is without merit. *Smallwood v. State*, 193 Ga. App. 807, 808 (1), 809 (389 SE2d 390); *Byers v. Lieberman*, 126 Ga. App. 582, 585 (4) (191 SE2d 470).

*Judgment affirmed. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 9, 1996.

*Charles R. Hunt*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.