A97A1844. HARDEGREE v. THE STATE.
(495 SE2d 347)

Judge Harold R. Banke.

Richard Scott Hardegree was convicted of rape, sodomy, and burglary. He enumerates five errors on appeal.

This case arose as the pregnant victim and her 11-year-old son slept. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). Hardegree crawled in a window, cut eye and mouth holes in a pair of the victim's maternity underwear, placed it over his face, and woke the victim. Then he placed a razor to her throat and asked for money. He "said he was running from the law and he had been drinking, he was on drugs real bad, [and] he needed money for gas." After Hardegree prevented her from reaching toward a can of Mace on her nightstand, the victim told him she was only getting a cigarette. Hardegree then gave her one of his, a GPC brand, and ordered the victim to show him where the phone was located.

As she left her bedroom, he shoved her into a spare room, pushed her onto the bed, and ordered her to remove his pants. When the victim refused, he stripped her, removed his pants, and attempted oral sex on her. Then he forced her to perform oral sex on him, turned her over a big stuffed animal, and raped her. While in that position, the victim noticed a hammer Hardegree had placed beside the bed. After Hardegree forced the victim to perform oral sex on him a second time, ejaculating into her hair and face, the victim struck him with the hammer. The victim and Hardegree then wrestled over the hammer until his mask ripped. He then yelled, "Oh my God," and ran. *Held*:

1. The victim's testimony that her attacker stated he was running from the law, had been drinking, was on drugs really bad, and needed money for gas was not impermissible character evidence. Had this issue been properly preserved for appeal, we would have found that the statements at issue, made during the commission of the

offenses, were admissible as res gestae. OCGA § 24-3-3; *Wynn v. State*, 225 Ga. App. 206 (3), 207 (483 SE2d 352) (1997); *Basu v. State*, 228 Ga. App. 591, 592-593 (1) (492 SE2d 329) (1997) (failure to raise issue at trial constitutes waiver).

2. The identity evidence, viewed in the light most favorable to the verdict, was sufficient for the jury to find that Hardegree committed the crimes. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). Although the victim and her son could not identify the attacker because of the mask, strong circumstantial evidence linked Hardegree to the crimes. The victim described the perpetrator as a thin, white male with curly, brown hair, a description matching Hardegree. DNA evidence retrieved from the semen on the victim's face and hair also matched Hardegree. The cigarette the attacker gave the victim was Hardegree's brand. Police traced the hammer to Hardegree's former employer, who testified that Hardegree borrowed it on his first day at work. He also testified that the day after the offenses Hardegree claimed he lost the hammer and borrowed another. Hardegree was observed with a leg injury after the offenses occurred. Consonant with the victim's testimony, Hardegree's girl friend testified that on the night of the offenses, he had been drinking and he was running from the police, as she had called them to make him leave after a fight. The identity evidence was further strengthened by similar transaction testimony that Hardegree had raped another woman at knifepoint. This evidence was sufficient to exclude every reasonable hypothesis except that of guilt and entitled the jury to reject Hardegree's contention that the victim consented to sex with him. *Dean v. State*, 181 Ga. App. 452 (352 SE2d 633) (1987).

3. The trial court's failure to give curative instructions regarding the victim's violation of the rule of sequestration on rebuttal does not require reversal. In response to a juror's request, the evidence was reopened and the victim was presented with two additional questions in rebuttal despite the fact that she had remained in the courtroom after testifying. The victim was asked whether she had consensual sex with Hardegree the day before or day of the rape and whether she saw him on those days.

It does not appear from the record that the rule of sequestration was invoked. See *Watson v. State*, 222 Ga. App. 158, 159 (2) (473 SE2d 262) (1996). Nor did Hardegree request such an instruction. Assuming the issue is properly before us, however, we find the error, if any, was harmless. Violations of the rule of sequestration go to the witness's credibility, not to competency to testify. *Keller v. State*, 221 Ga. App. 846, 848 (3) (473 SE2d 194) (1996). The trial court charged the jury on credibility, and during rebuttal, Hardegree cross-examined the victim about her presence in the courtroom during

Hardegree's testimony. Moreover, the victim's initial testimony that she had met Hardegree only once before, while accompanied by her boyfriend, rendered the evidence garnered on rebuttal cumulative. *Manchester v. State*, 226 Ga. App. 653, 656 (3) (487 SE2d 449) (1997).

4. Hardegree did not receive ineffective assistance of counsel.[1] To establish ineffectiveness, a defendant must prove that his trial counsel's performance was deficient and the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of the trial would have been different but for defense counsel's unprofessional deficiencies. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). Absent a showing of prejudice, inquiry into counsel's alleged deficiency is unnecessary. *Trammel v. State*, 265 Ga. 156 (1) (454 SE2d 501) (1995). Hardegree alleges ineffectiveness on several grounds.

(a) We reject Hardegree's contention that his counsel was ineffective for failing to move for a directed verdict of acquittal at the close of the State's case. As analyzed in Division 2, the evidence, though circumstantial, was sufficient to support the verdict, which precludes a showing of prejudice. See *Mitchell v. State*, 223 Ga. App. 319, 321 (6) (477 SE2d 612) (1996).

(b) Counsel's failure to object when the victim testified that her attacker "said he was running from the law and he had been drinking, he was on drugs real bad, [and] he needed money for gas" did not constitute ineffectiveness. Hardegree cannot show prejudice when the testimony was admissible as res gestae, and any such objection would have been properly overruled.

(c) Hardegree failed to show prejudice arising from his counsel's failure to file a written request to charge on the victim's violation of the rule of sequestration during rebuttal. Because the testimony was cumulative of that presented during the case in chief, we see no probability that the absence of this charge was outcome determinative. Moreover, Hardegree failed to demonstrate that the rule was invoked. *Watson*, 222 Ga. App. at 159 (2); see Court of Appeals Rule 27 (c) (3) (i).

5. We reject Hardegree's claim that his burglary conviction

---

[1] Hardegree raised the ineffectiveness issue for the first time on appeal. Ordinarily, where appellate counsel makes a first appearance on direct appeal, as here, the case is remanded for an ineffectiveness hearing in the trial court. *White v. Kelso*, 261 Ga. 32 (401 SE2d 733) (1991); *Elrod v. State*, 222 Ga. App. 704, 705 (1) (475 SE2d 710) (1996). When remand would "serve no useful purpose," however, the issue may be decided on the record by this Court. Id. at 705-706; *Brundage v. State*, 208 Ga. App. 58, 59 (2) (430 SE2d 173) (1993). Having analyzed Hardegree's ineffectiveness claims on their merits in Divisions 1, 2, and 3 and found neither harm nor error, we find it apparent as a matter of law that he cannot establish ineffectiveness. Thus, we need not remand for a hearing on the matter. Id.

merged with the rape and aggravated sodomy charges. Here, the burglary was completed when Hardegree entered the apartment without authority, with the intent to commit the two other crimes charged. *Childs v. State*, 257 Ga. 243, 251-252 (12) (357 SE2d 48) (1987). Thus, proof that he actually committed the rape and aggravated sodomy was unnecessary to establish the burglary offense. Id. at 252 (12). Accordingly, Hardegree was not sentenced twice for the same conduct. OCGA § 16-1-7.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JANUARY 8, 1998.

*Jerry W. Moncus, Michael A. Corbin*, for appellant.
*Kermit N. McManus, District Attorney, Herbert M. Poston, Jr., Assistant District Attorney*, for appellee.