## A03A0436. WILLIAMS v. THE STATE.
### (576 SE2d 647)

PHIPPS, Judge.

Richard Jermine Williams appeals his convictions of armed robbery and tampering with evidence.[1] After this case was briefed, a new attorney was appointed to replace the appointed attorney who had represented Williams at trial and initially on appeal. Through his first attorney, Williams challenged the sufficiency of the evidence to support his convictions, primarily because the evidence was circumstantial. Finding the evidence sufficient, we affirm. Through his new attorney, Williams has moved to remand this case for a hearing on a claim he wishes to raise concerning ineffective assistance of trial counsel. Inasmuch as Williams's current appellate counsel did not have an opportunity to raise this claim earlier, the motion to remand is granted.[2]

1.

When assessing the sufficiency of evidence to support a criminal conviction, [we] . . . examine[ ] the evidence in its entirety in a light most favorable to the verdict to determine whether any rational trier of fact could have found the accused guilty beyond a reasonable doubt. When the evidence is entirely circumstantial, as it was in the State's case against appellant, a conviction will be sustained only if the proven facts are both consistent with the hypothesis of guilt, and also exclude every other reasonable hypothesis except the guilt of the accused. However, it is not necessary for circumstantial evidence to exclude every conceivable hypothesis of a defendant's innocence in order to authorize a convic-

---

[1] See OCGA § 16-10-94 (a) (providing, in pertinent part, that a person commits the offense of tampering with evidence when, with the intent to prevent the apprehension or obstruct the prosecution of any person, he knowingly destroys or conceals physical evidence).

[2] See, e.g., *Freeman v. State,* 253 Ga. App. 401 (559 SE2d 146) (2002).

tion; only reasonable hypotheses must be excluded. In cases based upon circumstantial evidence, questions concerning the exclusion of all reasonable hypotheses other than guilt are generally left to the jury, and when the evidence is sufficient to have enabled reasonable jurors to exclude all reasonable hypotheses except an accused's guilt, that conclusion will not be disturbed on appeal unless it is unsupportable as a matter of law.[3]

The evidence in this case showed that at approximately 12:30 a.m. on February 16, 2002, a Wendy's restaurant in Bainbridge was robbed. Williams was an employee of the restaurant. He left work shortly before 12:30 a.m. on the night in question, leaving the shift manager in the restaurant by herself. The shift manager testified that while counting money, she was accosted by a man wearing a ski mask and black jogging pants. He pointed a black gun at her and instructed her to put the money in a bag. He made off with about $3,200, and she immediately alerted the police.

Within minutes, numerous law enforcement officers from Decatur County and the City of Bainbridge converged on the scene. No one was found in the vicinity except Williams, who was seen emerging from a wooded area on a bicycle about 100 yards from Wendy's. He was wearing a pair of black jogging pants underneath a pair of work pants, a red sweatshirt with a snowman on the front of it, and torn striped boxer shorts. In the wooded area, police found articles of clothing which included a beanie cap and ski mask as well as a wristwatch. About 80 feet away, police found a money bag containing approximately $3,200 and a black handgun.

Although the shift manager could not identify Williams as the robber, she did testify that the height and weight of the robber matched his. A videotape of the robbery showed that the robber was wearing a red sweatshirt with a snowman on the front of it, black jogging pants from which a pair of striped boxer shorts protruded, and a beanie cap that matched the one found in the bushes.

While at the police station, Williams observed the wristwatch that had been found in the bushes and asked that it be returned to him (thereby identifying it as his). He removed the striped boxer shorts during a strip search. Instead of putting them back on, he held them in his hands and later informed police that he had to go to the restroom. After he flushed the toilet, police noticed that the shorts were missing. A problem with the bathroom plumbing later developed, and the shorts were removed from the sewer line.

---

[3] (Footnotes and emphasis omitted.) *Barela v. State*, 271 Ga. 169, 171-172 (517 SE2d 321) (1999).

Any reasonable juror could have found that the evidence, viewed in a light most favorable to the verdict, established Williams's guilt of the crimes charged beyond a reasonable doubt and excluded all other reasonable hypotheses.

2. Where, as here, the appellant raises on appeal the issue of ineffectiveness of his trial counsel and did not have the opportunity to raise such issue in the trial court, we remand the case to the lower court for resolution of the issue, with the right of the appellant to appeal the ruling.[4]

*Judgment affirmed and case remanded. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2003.

*Billy M. Grantham,* for appellant.
*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney,* for appellee.

---

[4] *Holland v. State,* 240 Ga. App. 169, 171 (4) (523 SE2d 33) (1999).