## A04A2014. BARNER v. THE STATE.
### (609 SE2d 385)

MIKELL, Judge.

Travis Antonio Barner and Cornelius A. Bass were jointly indicted, tried and convicted of armed robbery. We affirmed Bass's conviction,[1] and in this appeal, we affirm Barner's conviction as well.

In two enumerations of error, Barner challenges the sufficiency of the evidence. "On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence."[2] We do not weigh the evidence or determine witness credibility, but only decide whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

---

[23] See, e.g., *Crawford v. State*, 220 Ga. App. 786, 788 (1) (470 SE2d 323) (1996).
[24] See id.
[1] *Bass v. State*, 271 Ga. App. 228 (609 SE2d 386) (2005).
[2] (Citation omitted.) *Bates v. State*, 259 Ga. App. 232, 233 (1) (576 SE2d 619) (2003).
[3] Id., citing *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that the Valley Stop & Shop, a convenience store, was robbed at approximately 11:00 a.m. on July 4, 2003. Parvis Dajani, who helps her husband manage the store, testified that she had just finished serving a female customer who wanted to play Lotto when the woman suddenly ran out of the store. Dajani noticed that a man was talking to the other employee, Gautam "Tom" Chokshi. The man was carrying a shotgun. He ordered Dajani to open the register and hand him the money, which totaled $650. A videotape of the robbery was introduced into evidence, but because the perpetrator was wearing a dark mask, he could not be identified.

Marcus Green, Jr., a ninth grader who lives across the street from the store, testified that he was in his backyard on the morning of the incident when he saw Barner standing in the path near the store with a shotgun while Bass was standing on the other side of the street from the store. Green was able to identify the men because he had seen them once before at the store. Green also had seen Barner previously at an apartment complex. Green testified that while Barner stood in the path, Bass stood to the side of the store and used hand signals to alert Barner to the presence of people in the store. Green further testified that at first, Barner was wearing an orange-striped shirt. Barner then changed into a dark shirt, put on a mask, and entered the store. According to Green, after Barner came out, Bass ran to meet him. Green noted that when Barner took off the striped shirt, he left it in the path.

Vetrimyer Miller, the Fort Valley Police Department detective who investigated the robbery, testified that he found an orange shirt in the path. The shirt was admitted into evidence. Green identified the shirt as the one he saw Barner wearing that day.

Bass's mother, Suvita Ann Jolly, testified that Bass went to the convenience store at 10:55 a.m. and came running back a few minutes later, followed shortly by Barner, who was sweating and not wearing a shirt. Barner told Jolly that he had been at his aunt's house, trying to borrow $5. Barner borrowed a change of clothes from Bass. According to Jolly, Barner told her the next day that he had robbed the store and that Bass had not been involved.

Barner argues that the trial court erroneously denied his motion for a directed verdict of acquittal because the circumstantial evidence did not exclude every other reasonable hypothesis except that of his guilt.[4] We do not agree. Barner was positively identified as the person who changed clothes, put on a mask, entered the convenience store

---

[4] OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

with a shotgun, and exited the store. The shirt he wore immediately before entering the store was identified and entered into evidence. Accordingly, the circumstantial evidence was sufficient to exclude every reasonable hypothesis save that of Barner's guilt and to allow a rational trier of fact to conclude beyond a reasonable doubt that he was guilty of armed robbery.[5] Moreover, Barner's challenge to the sufficiency of Green's identification testimony is meritless. "Identity is a question for the trier of fact, and the credibility of the [witness] was for the jury to determine."[6]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 6, 2005.

*Josephine B. Jones*, for appellant.
*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney*, for appellee.

---

[5] OCGA § 24-4-6; *Jackson*, supra. See also *Williams v. State*, 259 Ga. App. 265, 265-266 (1) (576 SE2d 647) (2003).

[6] *Smith v. State*, 251 Ga. App. 452, 454 (1) (554 SE2d 596) (2001).