## A08A1750. LOCHER v. THE STATE.
### (666 SE2d 468)

BLACKBURN, Presiding Judge.

Following a stipulated bench trial, Kyle Locher appeals his conviction for trafficking in methamphetamine,[1] contending that the trial court erred in (i) denying his motion to suppress, (ii) finding he did not carry his burden of showing ineffective assistance, and (iii) denying his motion for new trial. We hold that the grounds now argued for the motion to suppress were waived (having not been argued below), that evidence supported a finding of effective assistance, and that the trial court did not abuse its discretion in denying the motion for new trial. Accordingly, we affirm.

Construed in favor of the judgment, *Dixon v. State,*[2] the evidence shows that, tipped off by a confidential informant and by a citizen's complaint that Locher was selling drugs from his residence, police took bags from Locher's trash cans that had been set at the curbside for collection. In the bags, police found residue of methamphetamine on three pieces of aluminum foil, partially-burned remains of three marijuana cigarettes, duct-taped packaging that is often used for transporting drugs, and letters and envelopes addressed to Locher

---

[1] OCGA § 16-13-31 (e) (2).

[2] *Dixon v. State*, 277 Ga. App. 656, 657 (627 SE2d 406) (2006).

and his wife. Based on this evidence, police obtained a search warrant, which they executed the following day. Finding Locher at home, the police gave him a copy of the warrant and searched his residence, discovering approximately 300 grams of methamphetamine as well as weapons, drug pipes, baggies, and electronic scales.

Charged with trafficking in methamphetamine, Locher moved to suppress the evidence found pursuant to the search warrant, arguing only that the warrant was improperly executed under *Battle v. State*[3] because the underlying affidavit did not accompany the copy served on Locher.[4] The trial court held a hearing and denied the motion, finding that the warrant sufficiently described the location to be searched and that therefore the affidavit did not need to accompany the warrant. The parties stipulated the matter to a bench trial, at which Locher was convicted on the single count and received the minimum sentence of 15 years.

Locher moved for a new trial, arguing that the court erred in denying his motion to suppress and contending that he received ineffective assistance of counsel. Following a hearing, the court denied the motion for new trial, giving rise to this appeal.

1. Locher argues that the trial court erred in denying his motion to suppress. He claims that the warrant lacked probable cause, in that (i) there was no showing in the affidavit that either the confidential informant or the known citizen (or the information they provided) was credible or reliable, (ii) because the affidavit discussed no dates as to when the informant or citizen made their respective statements, the information may have been stale, (iii) the evidence obtained from Locher's trash was insufficient to show probable cause, and (iv) some information set forth in the affidavit was false and misleading. He does not argue the only grounds urged below at the hearing on the motion to suppress, namely that the warrant should have been accompanied by the affidavit when it was served and executed.

"Where an entirely different objection or basis for appeal is argued in the brief which was not presented at trial[,] we will not consider that basis as we are limited to those grounds presented to and ruled upon by the trial court." (Punctuation omitted.) *Hill v. State*.[5] Thus, in challenging a trial court's denial of a motion to suppress, a defendant may not argue on appeal grounds that he did

---

[3] *Battle v. State*, 275 Ga. App. 301 (620 SE2d 506) (2005).

[4] Although the motion to suppress mentioned in a single sentence that the warrant lacked probable cause, this issue was not pursued by trial counsel at the hearing on the matter nor in any evidence presented nor in any argument raised either in writing or orally to the court on the motion to suppress.

[5] *Hill v. State*, 224 Ga. App. 208, 209-210 (2) (480 SE2d 256) (1997).

not argue (and obtain a ruling on) below. Id. See *Tarvin v. State*[6] (defendant's "remaining ground for suppression of the evidence was neither raised nor ruled on in the court below and will not be considered on appeal"); *Milton v. State*[7] ("we are limited to reviewing only those grounds ruled upon by the trial court" in deciding a motion to suppress).

As none of the grounds argued by Locher on appeal were raised in the arguments on the motion to suppress below, we will not consider same in this enumeration. Because it appears the trial court correctly ruled that the address of Locher's residence in the warrant sufficiently described its location, we discern no error in the trial court's ruling below. Compare *Battle*, supra, 275 Ga. App. at 301. Moreover, we note that "[t]he Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection at the curb outside the home," *Perkins v. State*,[8] and that the drug remnants and residue found in Locher's abandoned trash provided the magistrate with probable cause for issuing the warrant. See *State v. Davis*[9] (probable cause found where trash left in front of defendant's residence contained plastic wrap with marijuana residue and documents with defendant's name and address); *Butler v. State*[10] (probable cause found where trash at curbside of defendant's residence contained marijuana cigarette butts and homemade pipe with marijuana residue).

2. Locher contends that the trial court erred when it found he did not carry his burden of showing ineffective assistance of counsel. Specifically, he argues that his trial counsel acted deficiently when counsel failed to raise the "lack of probable cause" and other grounds in arguing the motion to suppress. As the undisputed evidence shows that none of these other grounds would have been successful, the trial court did not clearly err in finding that there was no showing of ineffective assistance.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong

---

[6] *Tarvin v. State*, 277 Ga. 509, 511 (4) (591 SE2d 777) (2004).

[7] *Milton v. State*, 252 Ga. App. 149, 150 (555 SE2d 818) (2001).

[8] *Perkins v. State*, 197 Ga. App. 577, 579 (1) (398 SE2d 702) (1990), citing *California v. Greenwood*, 486 U. S. 35 (108 SC 1625, 100 LE2d 30) (1988).

[9] *State v. Davis*, 288 Ga. App. 164, 165-166 (653 SE2d 311) (2007).

[10] *Butler v. State*, 192 Ga. App. 710, 712 (1) (386 SE2d 371) (1989).

presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[11] Moreover, inasmuch as Locher alleged below that ineffectiveness arose from trial counsel's failure to argue additional grounds in pursuing the motion to suppress, Locher had to make a "strong showing" to the trial court that the evidence would have been suppressed had the additional grounds been pursued. See *Stanley v. State*.[12]

(a) *Many additional grounds concerned matters peripheral to the core finding of probable cause.* Locher argues that several grounds (not argued by trial counsel in support of the motion to suppress) showed the lack of probable cause for the search warrant. Had the trial court indeed been faced with these additional grounds, its duty would have been to ensure that the magistrate had a substantial basis for concluding that probable cause existed, while paying substantial deference to the magistrate's finding of probable cause. *Rushing v. State*.[13] Here, the magistrate found that (i) the methamphetamine and marijuana residue and remains found on the aluminum foil and in the partially-burned cigarettes taken from Locher's trash, (ii) the letters addressed to Locher and his wife found in the trash, and (iii) the duct-tape packaging (also found in the trash) common to the transportation of drugs, provided probable cause that illegal drugs would be found at the residence.

However, rather than attack this finding of probable cause, Locher attacks the affidavit testimony explaining *why* the police decided to search Locher's trash. Of course, as the trash was not subject to Fourth Amendment protection, see *Scott v. State*,[14] the officers needed no valid reason to search it. The officer's choice to include that information in his affidavit to the magistrate so as to present contextual detail to the magistrate did not suddenly mean that this peripheral detail now had to meet certain constitutional levels of certainty and reliability; rather, only the key information serving as the primary basis for the finding of probable cause had to meet such criteria. Thus, *Davis*, supra, 288 Ga. App. at 165, and *Butler*, supra, 192 Ga. App. at 712 (1), both held that affidavit testimony that merely explained how the officers came to surveil the residence and to decide to check out the garbage was interesting but

[11] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

[12] *Stanley v. State*, 283 Ga. 36, 39 (2) (a) (656 SE2d 806) (2008).

[13] *Rushing v. State*, 271 Ga. 102, 104 (1) (515 SE2d 607) (1999).

[14] *Scott v. State*, 270 Ga. App. 292, 294-295 (1) (606 SE2d 312) (2004).

essentially immaterial to the primary showing of probable cause and therefore did not need to meet standards of reliability or corroboration.

Based on this principle, Locher's arguments that the information received from the informants who tipped off police to investigate Locher may have been stale, that the confidential informant and the complaining citizen were not shown to be reliable or their information to be corroborated, that the affiant officer did not personally receive the tip from the informant, and that therefore trial counsel erred in not pursuing this area more thoroughly, all fail as irrelevant, as they relate purely to the extraneous subject of why police decided to sift through Locher's trash. As such was essentially unimportant to the magistrate's finding of probable cause based on the contents of that trash, Locher has failed to make a strong showing that pursuing these matters would have resulted in the granting of his motion to suppress.

(b) *The alleged false information in the affidavit was immaterial.* Locher next contends that his trial counsel erred in failing to argue that the affidavit falsely portrayed the material found in the trash. Specifically, Locher claims that (i) the affidavit stated that four marijuana cigarette remains were found, when in fact the officer's testimony at the motion-to-suppress hearing showed only three were found, and (ii) the affidavit stated that the cigarettes were "partially burned" when in fact the officer testified at the hearing that only the "remains" of such cigarettes were found. Such insignificant details are hardly noteworthy and would have made no difference in the determination of probable cause. Even if this information were considered "false" and replaced with the "accurate" information, see *Moss v. State*,[15] probable cause nevertheless existed to issue the warrant.

Moreover, at the motion-for-new-trial hearing, Locher did not ask trial counsel as to why he did not pursue these matters; thus, counsel's decision is presumed strategic and cannot now be cited as grounds for a claim of ineffective assistance. See *Johnson v. State*[16] ("because trial counsel was not asked about this issue at the hearing on [defendant's] motion for new trial, we presume that counsel's actions were strategic and not due to ineffectiveness"); *Arellano v. State*[17] (failure to ask counsel about issue meant that defendant did not overcome the presumption of reasonable, professional conduct).

---

[15] *Moss v. State*, 275 Ga. 96, 102-103 (13) (561 SE2d 382) (2002).
[16] *Johnson v. State*, 290 Ga. App. 255, 258 (1) (c) (659 SE2d 638) (2008).
[17] *Arellano v. State*, 289 Ga. App. 148, 153 (5) (656 SE2d 264) (2008).

(c) *Staleness was not a viable issue.* Locher alleges that his trial counsel erred in failing to pursue the staleness of the information received from the trash bags. Beyond the fact that Locher failed to query trial counsel about this matter at the motion-for-new-trial hearing, the finding of the drugs in the trash contents on September 6, followed by the obtaining of the search warrant on September 7 and the execution of that warrant on September 8, would hardly serve as valid grounds for an argument of staleness under these circumstances. See *Lemon v. State*[18] (no merit to staleness argument based on two-day delay). Once again, Locher has failed to make a strong showing that pursuing this argument would have led to the suppression of the evidence.

For these reasons, the trial court did not err in finding that Locher failed to meet his burden of showing ineffective assistance of counsel.

3. Locher asserts that the trial court erred in denying his motion for new trial that was based on the grounds addressed in Divisions 1 and 2 above. As those grounds lacked merit, we hold that the trial court did not abuse its discretion in denying the motion for new trial. See *Mondy v. State*[19] (abuse-of-discretion standard applies to rulings on motions for new trial).

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 25, 2008 — 

*Angela Moore-Brown*, for appellant.
*Patrick H. Head, District Attorney, Jason R. Samuels, Assistant District Attorney*, for appellee.

---

[18] *Lemon v. State*, 279 Ga. 618, 622 (2) (619 SE2d 613) (2005).
[19] *Mondy v. State*, 229 Ga. App. 311, 312 (1) (494 SE2d 176) (1997).