## A09A0429. JONES v. THE STATE.
### (674 SE2d 130)

BLACKBURN, Presiding Judge.

Following a jury trial, Stanley Jones appeals his conviction on seven counts of sexual battery[1] and on single counts of aggravated sexual battery[2] and child molestation.[3] He contends that the trial court erred in denying his motion for new trial (which was based on a claim of ineffective assistance of counsel) and in giving a misworded jury charge on prior consistent statements. We hold that evidence supported the trial court's findings underlying its conclusion that Jones failed to carry his burden of showing ineffective assistance of counsel, and that the jury charge was harmless. Accordingly, we affirm.

Construed in favor of the verdict, *Short v. State*,[4] the evidence shows that in late January 2005, Jones intentionally but surreptitiously placed his hand on the genital area, buttocks, or breasts of three of his teenage daughter's female friends (all 16 or 17 years of age) while they were staying overnight with his daughter at his home, each time without the young girl's consent. Sometimes the touching was on the outside of clothing, while other times it was under the clothing. With regard to one of these young girls, he repeatedly inserted his fingers into her vagina while she lay in bed. To escape further molestation, the three emotionally upset girls left the home in the middle of the night in two vehicles and ended up meeting with police, during which time they disclosed Jones's behavior to police. A nurse examined the girl who claimed digital penetration and found evidence of blunt force trauma to the girl's cervix. Jones was arrested the following morning.

---

[1] OCGA § 16-6-22.1 (b).
[2] OCGA § 16-6-22.2 (b).
[3] OCGA § 16-6-4 (a).
[4] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

Following the public disclosure of Jones's arrest, another young girl came forward and revealed that Jones had touched her genital area when as a 15-year-old she had been staying overnight with Jones's daughter in May 2002. A second young girl also came forward with similar claims of Jones's molesting her as a 15-year-old in Jones's home in January 2003.

Jones was indicted on 14 counts, including sexual battery, aggravated sexual battery, and child molestation. Acquitting him of the four counts relating to the January 2003 allegations, the jury found him guilty on all other counts. Merging two of the counts, the court sentenced him to twenty-eight years to serve twenty-three. He moved for a new trial, claiming ineffective assistance of counsel. In an order denying that motion, the court found that Jones did not carry his burden of showing ineffective assistance. Jones appeals.

1. Jones first asserts that the court erred in denying his motion for new trial that alleged he received ineffective assistance of counsel. Specifically, he claims that his trial counsel failed (i) to seek the excusal for cause of a juror who was a correctional officer, (ii) to call Jones as a witness, (iii) to call Jones's wife and son as witnesses, and (iv) to object to questions of an expert about the victims' general reluctance to make allegations of sexual assaults. Although he concedes he was represented by counsel throughout trial, he also claims that the lead attorney he retained failed to appear at most of the trial due to a conflict with another trial.

To prove his claim of ineffective assistance, Jones was required to

> show that counsel's performance was deficient and that the deficiency so prejudiced [Jones] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Jones] must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. The trial court's findings with respect to effective assistance of counsel will be affirmed unless clearly erroneous.

(Citations omitted.) *Domingues v. State*.[5] We will address each allegation of ineffective assistance with this standard in mind.

(a) *Failure to seek the excusal for cause of the juror who was a correctional officer.* Citing *Hutcheson v. State*,[6] Jones argues that a juror who was a full-time correctional officer and who had the limited power to arrest individuals inside and around the prison

---

[5] *Domingues v. State*, 277 Ga. 373, 374 (2) (589 SE2d 102) (2003).

[6] *Hutcheson v. State*, 246 Ga. 13, 13-14 (1) (268 SE2d 643) (1980).

would have been automatically disqualified from serving on the jury had his counsel sought to have the juror excused for cause. Because this juror ended up actually serving on the jury that found him guilty, Jones claims his counsel acted ineffectively.

Jones misapprehends the law. Interpreting *Hutcheson*, the Supreme Court of Georgia in *Prince v. State*[7] explained that "[i]n order to be subject to dismissal for cause, a member of the venire who is a law enforcement officer must be a full-time sworn police officer with arrest powers." "[A] corrections officer [is] not a law enforcement officer, and [has] no general arrest power." *McPherson v. State.*[8] See *Pace v. State;*[9] *Barnes v. State.*[10] Although "[c]orrectional officers possess some police powers as provided by regulation[ (see OCGA § 42-5-35 and Ga. Comp. R. & Regs. r. 125-2-1-.09),] such limited police powers do not necessitate the imputation of possible bias as in the instance of full-time police officers." *Kent v. State.*[11] See *Culbertson v. State.*[12] For example, correctional officers do not normally participate in criminal investigations or prosecutions, see *Kent*, supra, 179 Ga. App. at 132, and their arrest powers, as shown by the testimony in the present case, are generally limited to the prison premises. See Ga. Comp. R. & Regs. r. 125-2-1-.09 (2). Thus, "corrections officers in general are not subject to this strict rule of automatic removal for cause upon request by defendants." *Kier v. State.*[13] See *Butts v. State*[14] ("correctional officers are not subject to the automatic disqualification rule of *Hutcheson v. State*"). For this reason, *Prince* held that it was not ineffective assistance for counsel there to fail to challenge a correctional officer juror for cause. Supra, 277 Ga. at 235-236 (3). We discern no reason in the present case to deviate from this holding.

(b) *Failure to call Jones as a witness.* Jones claims that he wanted to testify but that his trial counsel failed to call him as a witness. The only evidence of this desire was his testimony at the motion for new trial hearing, which was not confirmed by either of his trial counsel who testified. The trial court was not required to believe Jones's self-serving testimony. See *Crowe v. State.*[15]

[7] *Prince v. State*, 277 Ga. 230, 235 (3) (587 SE2d 637) (2003).

[8] *McPherson v. State*, 274 Ga. 444, 449 (6) (c) (553 SE2d 569) (2001).

[9] *Pace v. State*, 271 Ga. 829, 835 (10) (524 SE2d 490) (1999).

[10] *Barnes v. State*, 269 Ga. 345, 351 (8) (496 SE2d 674) (1998).

[11] *Kent v. State*, 179 Ga. App. 131, 131-132 (345 SE2d 669) (1986).

[12] *Culbertson v. State*, 193 Ga. App. 9, 10 (2) (386 SE2d 894) (1989).

[13] *Kier v. State*, 263 Ga. App. 347, 349 (1) (587 SE2d 841) (2003).

[14] *Butts v. State*, 273 Ga. 760, 764 (6) (546 SE2d 472) (2001).

[15] *Crowe v. State*, 265 Ga. 582, 591 (15) (458 SE2d 799) (1995).

(c) *Failure to call his wife and son as witnesses.* Jones alleges that his counsel erred in failing to call his wife and his younger son as witnesses. Even though both of these witnesses provided some exculpatory evidence at the motion for new trial hearing, further evidence showed that the State had audiotapes of the wife telling one of the victim's mothers that she (the wife) believed the molestation charges. The State also had a prior inconsistent statement of the younger son that would have been used to impeach him if he had testified. "The decisions on which witnesses to call . . . and all other strategic and tactical decisions are the exclusive province of counsel after consultation with the client" and are virtually unchallengeable. *Botelho v. State.*[16] We discern no clear error here in the court's concluding there was no showing of ineffective assistance in this regard.

(d) *Failure to object to questions about the victims' general reluctance to make allegations of sexual assaults.* Jones claims that his counsel should have objected to questions to a police officer (experienced in sexual abuse cases) as to whether victims generally found reporting sexual abuse to be unpleasant and therefore were slow if not very reluctant to report allegations of sexual abuse. Jones argues that this impermissibly bolstered and vouched for the testimony of Jones's accusers. We disagree.

The officer testifying as an expert witness here did not state that he believed the testimony of the young girls nor that he thought their statements were truthful nor that in his opinion, they had been sexually abused. That is the type of testimony that invades the province of the jury. See *Brownlow v. State.*[17] Rather, he simply testified that in his experience, victims of abuse are generally reluctant to report the abuse, as recounting such to police and others is perceived as an unpleasant experience. Such objective observations by an officer experienced in such matters were admissible, particularly in this case where the young girls were repeatedly challenged by defense counsel as to why they did not report the abuse immediately to Jones's daughter or others at the home. See *Keller v. State*[18] (expert witness may testify as to objective, observable matters). As we discern no basis for a valid objection on this basis, the trial court did not clearly err in finding that no ineffective assistance occurred by failing to raise this objection. See *Lupoe v. State*[19] ("the

---

[16] *Botelho v. State*, 268 Ga. App. 129, 132 (3) (601 SE2d 494) (2004).

[17] *Brownlow v. State*, 248 Ga. App. 366, 368 (2) (a) (544 SE2d 472) (2001).

[18] *Keller v. State*, 221 Ga. App. 846, 848 (2) (473 SE2d 194) (1996).

[19] *Lupoe v. State*, 284 Ga. 576, 579 (3) (f) (669 SE2d 133) (2008).

failure to pursue a futile objection does not amount to ineffective assistance") (punctuation omitted).

(e) *Lead attorney failed to appear.* Finally, Jones contends that Mr. O'Dell, his lead counsel for the case, failed to appear until late in the trial, thus leaving the second chair (Ms. Wilkes) to handle almost the entire affair. He concedes that Mr. O'Dell was required to conduct another trial at the same time, which is why he was absent for most of Jones's trial.

We note first that at the outset of the trial, Ms. Wilkes acknowledged in open court that Mr. O'Dell was at the other trial but that the defense was nevertheless ready to proceed. She did not seek a continuance. This was entirely consistent with the two letters she and Mr. O'Dell had sent the court the week before trial, in which they both separately announced that she, not Mr. O'Dell, was lead counsel in Jones's case, and that therefore no continuance was needed despite Mr. O'Dell's anticipated absence. Based on this evidence and Ms. Wilkes's actions at trial, the court expressly found in its order denying the motion for new trial that Ms. Wilkes, not Mr. O'Dell, was lead counsel.

Moreover, even if Mr. O'Dell had been lead counsel and a continuance sought, the absence of counsel due to attendance at the trial of a case pending in another court "has been held to furnish no ground for continuance." *Rutledge v. State.*[20] Because "[t]he right to be represented by a particular attorney is not absolute when it would unduly delay and require the adjournment of a trial[,] representation by the associate of the lead attorney [does not violate a defendant's] constitutional right to counsel." (Punctuation omitted.) *Cox v. State.*[21] Unless the defendant can show that the second attorney acted ineffectively, no claim for ineffective assistance can arise out of the absence of the lead attorney at trial. Id. at 227 (6).

Here, as shown above, all claims of ineffective assistance against Ms. Wilkes lack merit. Accordingly, the trial court did not abuse its discretion in denying Jones's motion for new trial in this regard. See *Locher v. State.*[22]

2. Jones contends that the trial court erred in giving the following charge on prior consistent statements:

> Should you find that any witness has made any other statement on the witness stand consistent with another witness'[s] testimony from the witness stand and that such prior consistent statement is material to the case and the

---

[20] *Rutledge v. State*, 152 Ga. App. 755, 757 (1) (b) (264 SE2d 244) (1979).

[21] *Cox v. State*, 279 Ga. 223, 226 (6) (610 SE2d 521) (2005).

[22] *Locher v. State*, 293 Ga. App. 67, 72 (3) (666 SE2d 468) (2008).

witness'[s] testimony, then you are authorized to consider that other statement as substantive evidence.

We have previously considered this same misworded instruction on three separate occasions and have each time concluded that it is "unintelligible and therefore harmless." (Punctuation omitted.) *Baker v. State.*[23] See *Holden v. State;*[24] *Boyt v. State.*[25] In light of the jury charge as a whole in this case, we similarly conclude that the giving of this charge was harmless. See *Baker*, supra, 295 Ga. App. at 169 (3).

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED FEBRUARY 23, 2009

*Brian Steel*, for appellant.
*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Assistant District Attorney*, for appellee.

[23] *Baker v. State*, 295 Ga. App. 162, 169 (3) (671 SE2d 206) (2008).
[24] *Holden v. State*, 287 Ga. App. 472, 477 (4) (b) (651 SE2d 552) (2007).
[25] *Boyt v. State*, 286 Ga. App. 460, 466 (3) (649 SE2d 589) (2007).