## A10A1281. McKINNON v. THE STATE.
### (700 SE2d 875)

MILLER, Chief Judge.

A jury convicted appellant Travis Beyonis McKinnon of possession of cocaine with intent to distribute (OCGA § 16-13-30 (b)), obstruction of an officer (OCGA § 16-10-24 (a)), and giving a false name (OCGA § 16-10-25). He appeals challenging the effectiveness of counsel for failure to file and argue a motion to suppress cocaine seized upon a search of the vehicle he drove. Discerning no error, we affirm.

Viewed in the light most favorable to the jury verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that during the night of February 1, 2008, police

observed McKinnon sitting in a parked car in the driveway leading to an apartment complex. The officers observed what they considered to be suspicious hand movements in the vehicle and decided to investigate.

McKinnon exited the vehicle as the officers approached. Upon being asked, McKinnon identified himself as Mike Brown and stated that the vehicle belonged to a cousin named Muff who lived in an apartment which he identified in the nearby apartment complex. McKinnon, however, then changed his story and said that a woman named Alexie owned the vehicle. Given the foregoing, two of the officers proceeded to the apartment which McKinnon had identified and spoke with Tommy Bowens. Bowens, a/k/a Muff, denied owning the vehicle, and identified the appellant as McKinnon, rather than Mike Brown. McKinnon ran when thereafter asked to verify his name, colliding with a parked patrol car 15 to 20 yards from the vehicle he had driven. In a search of the vehicle, the officers found more than seven grams of cocaine in a Doritos canister located on the front seat where McKinnon had been sitting.

Relying on *Arizona v. Gant*, ___ U. S. ___ (129 SC 1710, 173 LE2d 485) (2009), McKinnon contends that the cocaine at issue was subject to suppression and that trial counsel was ineffective for failing to move to suppress it. We disagree.

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficiency so prejudiced defendant that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations, punctuation and footnote omitted.) *Locher v. State*, 293 Ga. App. 67, 69-70 (2) (666 SE2d 468) (2008).

Here, the record shows that McKinnon was apprehended and arrested some 15 to 20 yards from his vehicle after running from police. Although he argues that the cocaine was impermissibly seized incident to his arrest warranting a motion to suppress because he was not within reaching distance of the vehicle (*Gant*, supra, 125 SC at 1719), he fails to recognize that in running, as above, he abandoned his vehicle before it was searched. "Where a defendant . . . abandons property which he now seeks to suppress, his being pursued does not result in the seizure of property he abandoned." (Citation and punctuation omitted.) *Brown v. State*, 239 Ga. App. 674, 676 (1) (522 SE2d 41) (1999). "The constitutional protection of

the Fourth and Fourteenth Amendments does not apply to property which has been abandoned. [Cit.]" *Walker v. State*, 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997). Accordingly, a motion to suppress would have been without merit, and counsel was not ineffective for choosing not to pursue such a motion. See *Scott v. State*, 298 Ga. App. 376, 382-383 (4) (d) (680 SE2d 482) (2009) (failure to file a meritless motion is not ineffective assistance of counsel).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

DECIDED SEPTEMBER 9, 2010.

*Brandi D. Payne*, for appellant.

*S. Hayward Altman, District Attorney, Adriane L. Love, Assistant District Attorney*, for appellee.