### A11A0112. WILLIAMS v. THE STATE.
(712 SE2d 113)

DOYLE, Judge.

Richard Jermine Williams appeals the denial of his motion for new trial on the basis of ineffective assistance of counsel.[1] For the reasons that follow, we affirm.

As established in Williams's earlier appeal:

> The evidence in this case showed that at approximately 12:30 a.m. on February 16, 2002, a Wendy's restaurant in Bainbridge was robbed. Williams was an employee of the restaurant. He left work shortly before 12:30 a.m. on the night in question, leaving the shift manager in the restaurant by herself. The shift manager testified that while counting money, she was accosted by a man wearing a ski mask and black jogging pants. He pointed a black gun at her and instructed her to put the money in a bag. He made off with about $3,200, and she immediately alerted the police.
>
> Within minutes, numerous law enforcement officers from Decatur County and the City of Bainbridge converged on the scene. No one was found in the vicinity except Williams, who was seen emerging from a wooded area on a

---

[19] See *Chapel*, supra.

[1] Previously, this Court affirmed in part Williams's convictions for armed robbery and tampering with evidence, but we remanded the case to the trial court in order for the court to address Williams's ineffective assistance of counsel claims. See *Williams v. State*, 259 Ga. App. 265 (576 SE2d 647) (2003).

bicycle about 100 yards from Wendy's. He was wearing a pair of black jogging pants underneath a pair of work pants, a red sweatshirt with a snowman on the front of it, and torn striped boxer shorts. In the wooded area, police found articles of clothing which included a beanie cap and ski mask as well as a wristwatch. About 80 feet away, police found a money bag containing approximately $3,200 and a black handgun.

Although the shift manager could not identify Williams as the robber, she did testify that the height and weight of the robber matched his. A videotape of the robbery showed that the robber was wearing a red sweatshirt with a snowman on the front of it, black jogging pants from which a pair of striped boxer shorts protruded, and a beanie cap that matched the one found in the bushes.

While at the police station, Williams observed the wristwatch that had been found in the bushes and asked that it be returned to him (thereby identifying it as his). He removed the striped boxer shorts during a strip search. Instead of putting them back on, he held them in his hands and later informed police that he had to go to the restroom. After he flushed the toilet, police noticed that the shorts were missing. A problem with the bathroom plumbing later developed, and the shorts were removed from the sewer line.[2]

In his motion for new trial, Williams advanced two arguments in support of his claim that his trial counsel was ineffective: first, that counsel failed to meet with him a sufficient number of times prior to trial, and second, that counsel should have filed a motion to suppress evidence discovered by officers on the night of the robbery because his arrest was illegal. After an evidentiary hearing at which Williams and trial counsel testified, the trial court denied Williams's motion for new trial, finding that trial counsel was not ineffective. We agree.

In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. The criminal defendant must overcome the strong presumption that trial counsel's

---

[2] Id. at 266.

conduct falls within the broad range of reasonable professional conduct. As the appellate court, we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.[3]

1. Williams argues that trial counsel failed to meet with him often enough prior to trial in order to sufficiently prepare a defense. Williams, however, failed to present any evidence at the hearing or in his motion as to trial counsel's lack of information, evidence, or witnesses or what trial counsel would have gained from additional meetings.[4] Accordingly, this claim is without merit.

2. Williams also argues that trial counsel should have filed a motion to suppress evidence found in the wooded area, evidence of his underwear discovered in the plumbing of the jail, and statements Williams made to officers after his arrest. Williams claims that his arrest and detention were illegal, and the evidence listed above was fruit of the poisonous tree. We disagree.

The currency, clothing, and other items discovered by police in the wooded area along with the underwear discovered in the plumbing of the jail were abandoned property, and therefore, seizure of those items did not implicate the Fourth Amendment.[5] It is not ineffective for counsel to decline to file a meritless motion to suppress.[6] Moreover, at trial, the court conducted a hearing during which it properly addressed whether to admit Williams's statement made to officers regarding the watch. Accordingly, these claims are without merit.

*Judgment affirmed. Ellington, C. J., and Miller, P. J., concur.*

DECIDED JUNE 16, 2011.

*Billy M. Grantham,* for appellant.
*Joseph K. Mulholland, District Attorney, Charles E. Rooks, Assistant District Attorney,* for appellee.

---

[3] (Citation and punctuation omitted.) *Willis v. State,* 309 Ga. App. 414, 420 (9) (710 SE2d 616) (2011), citing *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[4] See, e.g., *Davenport v. State,* 308 Ga. App. 140, 153 (2) (a) (706 SE2d 757) (2011) ("There is . . . no magic amount of time that must be spent preparing for trial to provide a client with an adequate investigation.").

[5] See *McKinnon v. State,* 305 Ga. App. 871, 872-873 (700 SE2d 875) (2010).

[6] See *Willis,* 309 Ga. App. at 422 (9) (c).