**FOURTH DIVISION
BARNES, P. J.,
MCMILLIAN and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 9, 2016**

# In the Court of Appeals of Georgia

A15A1662. NEWMAN v. STATE

BARNES, Presiding Judge.

Following his conviction for loitering, obstruction of an officer, possession of marijuana, and possession of a firearm by a felon, Dorsey Newman III appeals. Newman contends that insufficient evidence supported his conviction for loitering and that his trial counsel rendered ineffective assistance for failing to file a motion to suppress. For the following reasons we affirm.

1. Newman contends that the State presented insufficient evidence to support his conviction for loitering. "When a criminal defendant challenges the sufficiency of the evidence supporting his conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Lopez-Vasquez v. State*, 331 Ga. App. 570 (1) (771 SE2d 218) (2015); *Jackson v. Virginia*, 443 US 307, 319 (III) (B) (99 SCt 2781, 61 LEd2d 560) (1979).

So viewed, the evidence shows that in June 2013, a police officer was patrolling downtown Rome when he observed Newman in a parking lot behind a parking deck around 3:30 in the morning. Newman was standing near the driver's side of a parked vehicle and the officer thought at first that Newman was peering into the vehicle. The officer testified that there had been a rash of car break-ins in the area and the motion-activated street light was on over the car, so he thought Newman may have been trying to break into it. When the officer drove up to Newman with his window open, the officer "could smell the pungent odor of green marijuana emitting from around [Newman]." When the officer asked Newman if he was okay and why he was back there, Newman explained he was calling for a cab.

The officer asked Newman for identification because of the marijuana smell, and while he waited for his computer to check Newman's information, "the entire time this marijuana smell [was] just reeking into [the officer's] car." The officer then got out of his patrol car, told Newman, with whom he had attended high school, that he smelled marijuana, and asked Newman to empty his pockets. As Newman complied with the request, the officer noticed that he avoided one of the big cargo pockets on his pants that bulged and "kind of sagged a bit." At this point, the officer asked Newman to put his hands on the patrol car to pat him down.

2

As the officer "went for" the pocket Newman had been avoiding, Newman ran away. A backup officer assisted the first officer in finding Newman hiding in the vicinity, and he was handcuffed and returned to the patrol car. The backup officer searched Newman's possible escape route and found a loaded handgun, a large amount of cash, and a digital scale. The officers also found a bag of marijuana stuck behind a down spout near the parking lot where Newman was stopped. The officers then searched Newman pursuant to arrest and found more cash on him. Newman was arrested and he was charged with and found guilty of loitering, possession of marijuana, obstruction of an officer, and possession of a firearm by a felon.

Newman argues that the evidence was insufficient to sustain his loitering conviction. "A person commits the offense of loitering or prowling when he is in a place at a time or in a manner not usual for law-abiding citizens under circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of persons or property in the vicinity." OCGA § 16-11-36 (a).

> Specifically, as a threshold matter, the statute requires at least some manifestation of aberrant behavior and the circumstances must be such that this behavior warrants alarm for the safety of persons or property in the vicinity. Our Supreme Court [has] concluded that while perspectives may differ as to what conduct is "usual" for law-abiding citizens, the statute narrows the construction of this phrase by making it clear the

3

conduct must be that which would alarm a reasonable person that danger exists to person or property.

*In the Interest of JB*, 314 Ga. App. 678, 683-684 (1) (725 SE2d 810) (2012) (reversing trial court's denial of motion to suppress and adjudication of delinquency when only evidence to support second tier citizen-police encounter was that the juvenile was walking from a vacant lot and appeared to be sweaty and out of breath).

OCGA § 16-11-36 (b) offers guidelines that a rational trier of fact may consider while pondering whether a person's conduct gave reasonable alarm, such as "the fact that the person takes flight upon the appearance of a law enforcement officer, refuses to identify himself, or manifestly endeavors to conceal himself or some object." OCGA § 16-11-36 (b); *Bell v. State*, 252 Ga. 267, 271 (1) (313 SE2d 678) (1984). Furthermore, OCGA § 16-11-36 (b) requires that the police officer, if able, must "afford the person an opportunity to dispel any alarm or immediate concern." OCGA § 16-11-36 (b). If a rational trier of fact does not think the explanation is sufficient to dispel the police officer's concern, it may find the defendant guilty of loitering. *Franklin v. State*, 258 Ga. App. 281, 283 (574 SE2d 361) (2002).

The evidence authorized the jury to find that the patrol officer's concern for the safety of the property in the parking lot was warranted due to recent break-ins, the

time of night, and his initial belief that Newman had been peering into a parked car over which the street light was illuminated. The officer gave Newman an opportunity to explain his presence in the parking lot, to which he replied he was waiting for a cab, which the officer found odd because usually people waited for cabs on the more brightly-lit streets. That evidence, along with Newman's concealment of items in his pants pocket and his subsequent flight when the officer tried to pat him down, was sufficient to permit a reasonable trier of fact to find Newman guilty of loitering.

2. Newman also contends that his trial counsel rendered ineffective assistance for failing to file a motion to suppress. "[T]o prevail on a claim of ineffective assistance of counsel, [Newman] must show both that counsel's performance was deficient, and that the deficient performance was prejudicial to his defense." *Allen v. State*, 296 Ga. 785, 792 (10) (770 SE2d 824) (2015); *Strickland v. Washington*, 466 US 668, 687 (III) (104 SCt 2052, 80 LEd2d 889) (1968).

"When trial counsel's failure to file a motion to suppress is the basis for a claim of ineffective assistance, the defendant must make a strong showing that the damaging evidence would have been suppressed had counsel made the motion." *Richardson v. State*, 276 Ga. 548, 553 (3) (580 SE2d 224) (2003). Newman failed to make such a showing in this case.

5

While Newman argues that his trial counsel was ineffective for failure to file a motion to suppress the evidence because the stop was illegal under *Terry v. Ohio*, 392 U. S. 1 (III) (88 SCt 1868, 20 LEd2d 889) (1968), regardless of the legality of the stop, there was no evidence seized from Newman. The officer found no contraband on Newman, and Newman disavowed ownership of the gun, drugs, cash, and digital scale found along his exit route. Those items "were abandoned property, and therefore, seizure of those items did not implicate the Fourth Amendment." *Williams v. State*, 310 Ga. App. 90, 92 (2) (712 SE2d 113) (2011). A defendant has no proprietary interest in or legitimate expectation of privacy regarding items found discarded on public property, because "[t]he constitutional protection of the Fourth and Fourteenth Amendments does not apply to property which has been abandoned." (Citation and punctuation omitted.) *McKinnon v. State*, 305 Ga. App. 871, 872-873 (700 SE2d 875) (2010). See also *Burgeson v. State*, 267 Ga. 102, 105 (3) (b) (475 SE2d 580) (1996); *Walker v. State*, 228 Ga. App. 509, 510 (1) (493 SE2d 193) (1997) ("[W]hen drugs are discarded during flight or before the suspect is 'seized,' they are admissible as evidence even if there is an issue about the officer's probable cause or articulable suspicion.").

Because Newman failed to show that a motion to suppress would have been granted, he has failed to show that his trial counsel provided ineffective assistance of counsel for failing to file one. *McLeod v. State*, 297 Ga. 99, 105 (4) (772 SE2d 641) (2015).

*Judgment affirmed. Rickman, J., concurs. McMillian, J., concurs fully in Division 1 and in the judgment.*